

U.S. Department of Justice

Antitrust Division

*RFK Main Justice Building*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530-0001*

**By CM/ECF**  June 19, 2015

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *United States et al. v. American Express*, No. 15-1672 (2d Cir.)

Dear Ms. Wolfe:

    Per this Court's June 16 order in the above-referenced case, we conferred with counsel for American Express, but did not reach agreement on a proposed briefing schedule. The United States and its seventeen co-plaintiff states propose the following briefing schedule:

    Appellants' brief due July 16 (30 days from this Court's denial of the stay)
    Appellees' brief due September 29 (75 days later)
    Appellants' reply brief due October 13 (14 days later)

This proposed schedule would expedite the appeal, while providing the parties sufficient time to properly brief this complex case.

    When the parties conferred as directed by this Court, appellants proposed a schedule that would give appellees only 30 days to respond to their opening brief. Thirty days for appellees to respond is totally inadequate. Unlike "appeals from threshold dismissals" expedited under Second Circuit Rule 31.2(b), for which appellees have 35 days to respond, this is an appeal from a final judgment following several years of pre-trial litigation and a seven-week trial. It raises many issues and has a massive record with over 7,000 pages of trial transcript and over 1,000 exhibits. And appellants have told us that they plan to seek leave to file a substantially overlength brief of 20,000 words.

    Appellees' proposed schedule treats the parties fairly. Appellants have had months to prepare their opening appellate brief. Amex publicly announced its intent to appeal the district court's liability decision on February 19, 2015, the day it was issued, *see* http://about.americanexpress.com/news/pr/2015/amex-plans-to-appeal-federal-court-ruling.aspx, and has had ample time to craft its opening brief since then. Appellees,

1

however, cannot know how to best respond until they receive appellants' brief. Indeed, while appellants have identified some arguments in their stay papers and their Form C, those arguments have shifted between the district court and the court of appeals, and appellants have made clear that they may "raise different or additional issues" on appeal. Doc. 46, at 4 (Addendum B).

The goal of the United States and the seventeen states is to submit a single, joint brief that comprehensively yet succinctly responds to appellants' brief. Accomplishing that goal, including the necessary coordination between the U.S. Department of Justice and the respective state attorneys general, will require much longer than the 30 days that appellants proposed. We believe that 75 days will be necessary and sufficient, and reflects an effort to expedite the appeal over the time ordinarily permitted by Second Circuit Rule 31.2(a)(1)(B).

Thank you for your consideration of this proposal.

                          Respectfully submitted,

                          /s/ Nickolai G. Levin

Mitchell L. Gentile                      Nickolai G. Levin
*Counsel for State of Ohio and*       *Counsel for the United States*
*on behalf of Plaintiff States*          (202) 514-2886
(614) 466-4328

cc: Counsel of Record (via CM/ECF)

2