# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA, et al.

                 Plaintiffs,

-against-

AMERICAN EXPRESS COMPANY and
AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,

                 Defendants.
------------------------------------------------------------------X

**PROVISIONAL ORDER**

**10-CV-4496 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

    Before the court are Defendants' motion regarding the procedures for the treatment of confidential information at trial (Dkt. 437) and similar motions filed by various non-parties seeking to redact and/or seal certain types of documents or information during the upcoming trial in this case (see Dkts. 392, 401, 402, 404, 406, 409, 417, 421, 424, 428, 429, 434, 435, 443, 444, 448, 451, 452, 453, 457, 459, 463, 467, 470, 473, 474, 476, 477, 478, 479, 482, 485, 494, 519). On July 3, 2014, the parties filed a joint stipulation setting forth certain procedures to be applied during trial to prevent public disclosure of specified types of competitively sensitive or highly confidential information (the "Stipulation"). (Dkt. 529.)

    The court is cognizant of the common law and First Amendment presumptions favoring open and transparent judicial proceedings, as well as its role as the guardian of such interests. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978); United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995). The court also is sensitive to the interests of the third-party movants whose confidential and highly sensitive nonpublic business information has been put at risk of public disclosure in this case through no fault of their own. Id. With trial in this matter

scheduled to begin in a matter of days, however, the court finds it necessary to enter this Provisional Order governing treatment of such information at trial, subject to its further consideration of these issues. Subsequent to entry of this Order, the court will issue a full Memorandum and Order explaining its rationale for its prior rulings and its decision to allow the redaction and/or sealing of certain categories of documents at trial as set forth in the Stipulation.

In the interim, the parties' Stipulation is SO ORDERED. Subject to the procedures and agreements reflected in the Stipulation and the court's prior rulings from the bench, Defendants' motion and the third-party motions are provisionally GRANTED IN PART. The court reserves the ability to revisit these requests during the course of trial and to amend its prior rulings or the Stipulation as it deems necessary. Additionally, the court expressly RESERVES decision on the following items: (1) any request to seal live trial testimony, including the request filed by Southwest Airlines Co. (Dkt. 417), will be decided as the need arises during the course of trial and upon the 48-hours notice to be provided by the parties; (2) any request to seal and/or redact deposition testimony likewise will be decided if and when it becomes necessary during trial; and (3) Visa Inc.'s request to seal certain expert reports and written testimony from the United States v. Visa U.S.A., Inc., et al., No. 98-CV-7076 (BSJ) (S.D.N.Y.) matter will be considered only if it becomes necessary.

SO ORDERED.

Dated: Brooklyn, New York
July 3, 2014

s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

2