# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br>                   Plaintiffs,<br><br>       v.<br><br>AMERICAN EXPRESS CO., *et al.*,<br>                   Defendants. | **No. 10-CV-04496 (NGG) (RER)**<br>**ECF Case** |

## STIPULATION REGARDING THE PROCEDURES
## FOR THE TREATMENT OF CONFIDENTIAL INFORMATION
## AT THE TRIAL SCHEDULED FOR JULY 7, 2014

Subject to Court approval, the parties hereto, through their respective counsel of record, hereby stipulate and agree that the following procedures will govern the treatment of confidential information at the trial scheduled for July 7, 2014:

A.     **Requests of Non-Parties**

    1.     Insofar as they have requested redaction and/or sealing of intended trial exhibits, the parties will redact and/or seal intended trial exhibits consistent with the motions of the non-parties (Dkt. 392 (Starwood Hotels & Resorts Worldwide, Inc.), 401 (Alaska Airlines, Inc.), 402 (Federal Express Corp.), 404 (Jetblue Airways Corp.), 406 (Visa Inc.), 409 (Exxon Mobil Oil Corp.), 417 (Southwest Airlines Co.), 421 (Vantiv, LLC), 424 (Best Buy Co., Inc.), 428 (Darden Restaurants, Inc.), 429 (Bank of America, N.A.), 434 (Mastercard International, Inc.), 435 (Citibank, N.A.), 443 (Frontier Airlines, Inc.), 444 (USAA Federal Savings Bank and USAA Savings Bank), 448 (Home Depot U.S.A.), 452 (World Financial

Capital Bank), 453 (Sprint Corporation), 457 (PayPal, Inc.), 459 (United Airlines, Inc.), 463 (DFS Services LLC), 467 (Office Depot, Inc., OfficeMax Inc.), 470 (Juniper Bank), 473 (Official Payments Corp.), 474 (LQ Management LLC), 476 (IKEA North America Services LLC), 477 (Euromarket Designs, Inc.), 478 (A&P, Ahold, Albertsons LLC, BI-LO, CVS Pharmacy, Inc., H.E. Butt, Hy-Vee, Kroger, Meijer, Publix, Raley's, Rite Aid, Safeway, SuperValu, Walgreen Co.), 479 (Sears Holdings Corp.), 482 (Hilton Worldwide, Inc.), 494 (PayPal Inc.), and the motions of American Airlines, Inc. and U.S. Airways, Inc., Link2Gov.com, Inc. and Expedia, Inc., filed directly with this Court on June 9, 2014, except, consistent with the Court's June 19 ruling, Non-Discrimination Provisions in any merchant contract and any definitions used therein will not be redacted from the public record.

2.  Insofar as they have requested redaction and/or sealing of intended trial exhibits that are consistent with the categories of documents requested in the motions of the non-parties described below, the parties will redact and/or seal the intended trial exhibits consistent with the requests of non-parties that submitted Declarations in support of Amex's motion (Dkt. 437 (Declarations no. 63, 78, 80, 82)), as well as the additional intended trial exhibits identified by the parties consistent with the requests of Davio's Restaurant Group and the Thomas Keller Restaurant Group;

3.      Exhibit A hereto sets forth the specific documents that the non-parties

have requested be redacted and/or sealed and the requested treatment.

Exhibit A further sets forth the categories of information, subject to each

non-party request.  These categories are, generally:

a.      <u>Co-Brand Agreements</u>

i.      Highly confidential co-brand agreements and addendums,
        as well as documents reflecting the negotiations thereof;

b.      <u>Global Network Services ("GNS") Contracts</u>

i.      Highly confidential GNS contracts and addendums, as well
        as documents reflecting the negotiations thereof;

c.      <u>Card Acceptance Agreements and Other Related Contracts</u>

i.      Highly confidential card acceptance agreements and other
        related contracts, as well as documents reflecting the
        negotiations thereof, including, in particular, financial
        terms;

ii.     Financial terms shall include merchant discount rates, speed
        of pay provisions, signing bonuses, marketing funds,
        strategic investment funds, business building bonuses, and
        any other applicable rebates, incentives or fees;

iii.    Non-Discrimination Provisions in the non-party contracts
        and any definitions used therein will not be redacted or
        sealed;

d.      <u>Non-Public Financial Information</u>

i.      Detailed, non-public internal financial information that
        includes, in particular, payment card sales, payment card
        costs of acceptance, costs and revenue data, and consumer
        data analytics;

e.      <u>Strategy Documents</u>

i.      Internal documents pertaining to highly confidential
        marketing strategies and initiatives, business analyses, and
        ongoing and future business plans;

        f.     <u>Non-Public Corporate Policies and Operating Regulations</u>

                i.    Non-public corporate policies and operating regulations reflecting, inter alia, information designed to protect cardholder and merchant safety and terms of service.

B.    **Requests of Amex**

    1.    <u>Financial Terms</u>

        a.    Amex may redact financial terms from any contract or addendum before the document is entered into the trial record;

        b.    Financial terms include merchant discount rates, speed of pay provisions, signing bonuses, marketing funds, strategic investment funds, business building bonuses, and any other applicable rebates, incentives or fees;

        c.    To the extent financial terms from any contract or addendum are reflected in other documents, including, but not limited to, emails and presentations, Amex may redact the financial terms from those documents as well;

    2.    <u>Co-Brand Agreements</u>

        a.    All co-brand agreements, including those listed in Exhibit 14 to the Declaration of Kevin J. Orsini ("Orsini Declaration") (Dkt. 437), shall be filed under seal;

    3.    <u>GNS Contracts</u>

        a.    All GNS Contracts, including those listed in Exhibit 1 to the Orsini Declaration, shall be filed under seal;

    4.    <u>All Other Customized Amex Contracts</u>

        a.    To the extent Plaintiffs do not object following good faith discussions, Amex may redact other customized contractual provisions that reveal highly confidential information;

        b.    To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

5.    <u>Contract Negotiation Documents</u>

    a.    To the extent Plaintiffs do not object following good faith discussions, Amex may redact the portions of offers made, considered or received in the course of contract negotiations that reflect the types of information referenced in Sections B.1-4 in this Stipulation;

    b.    To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

6.    <u>Merchant Industry Discount Rate Tables</u>

    a.    Amex may redact from the public record all financial terms contained in Merchant Industry Discount Rate Tables, including intended trial exhibits PX0194, PX0816, PX1113 and DX6766, listed in Exhibit 22 to the Orsini Declaration, and Exhibit 23 to the Orsini Declaration, including the basic payment plan information, the terms of the speed-of-pay provisions, the industry-level eligibility for business and marketing support, and the industry-specific fees;

    b.    To the extent Plaintiffs do not object following good faith discussions, Amex may redact the same financial terms described in Section B.6.a from the public version of any other trial exhibit, including, for example, those financial terms that appear in Exhibit 24 to the Orsini Declaration on pages AMEXNDR13038804, 806, 808 and 815;

    c.    To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

7.    <u>Proprietary Survey Data</u>

    a.    To the extent Plaintiffs do not object following good faith discussions, Amex may redact all information reflecting survey methodology or results that reveals highly confidential information, including the documents listed in Exhibit 25 to the Orsini Declaration;

b.   To the extent Plaintiffs do not object following good faith discussions, Amex may also redact the survey results and/or methodology described above that are contained in those documents set forth in Exhibit 25 to the Orsini Declaration, or other similar documents dated after January 1, 2007;

c.   To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

8.   <u>Corporate Card Pricing Policies</u>

a.   Amex shall be entitled to file under seal all Corporate Card Pricing Policies, including those documents listed on Exhibit 31 to the Orsini Declaration;

9.   <u>Cost and Revenue Data</u>

a.   Amex shall be entitled to keep under seal all extracts from the Amex financial databases that reflect internal Amex cost and revenue data and/or merchant-specific cost and revenue data, including, but not limited to, GMAPS, TM1 and Oracle, referenced in the Declaration of Ira Polikoff;

b.   To the extent Plaintiffs do not object following good faith discussions, Amex may redact such cost and revenue data from the public version of any other trial exhibit that reveals highly confidential information, including, for example, Exhibit 46 to the Orsini Declaration;

c.   To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

10.   <u>Internal Strategy Documents and Competitive Analyses</u>

a.   With the exception of the cover page, Exhibit 50 to the Orsini Declaration shall be filed under seal;

b.   With the exception of the cover page, Exhibit 51 to the Orsini Declaration shall be filed under seal;

       c.        To the extent Plaintiffs do not object following good faith discussions, Amex may redact other internal strategy documents and competitive analyses that (1) reveal highly confidential information regarding current or future business plans; and (2) were added to either party's intended trial exhibit list after May 29, 2014;

       d.        To the extent Plaintiffs object to any such redaction, such dispute shall be presented to the Court no later than the evening before the day of trial during which a party expects to offer such a disputed document into evidence, and to the extent practicable, 48 hours in advance of that day;

**C.**     <u>**Treatment of Testimony At Trial**</u>

The parties agree that testimony at trial related to the highly confidential information described above shall be treated in a manner deemed just and appropriate by this Court at the time such testimony is given, pursuant to the guidance provided by the Court at the hearings on June 19 and 27, 2014.

Dated: July 3, 2014

FOR PLAINTIFF THE UNITED
STATES OF AMERICA

_/s/ Michael D. Bonanno_
CRAIG W. CONRATH
MICHAEL D. BONANNO
U.S. Department of Justice
Antitrust Division, Litigation III Section
450 Fifth Street, N.W., Suite 4000
Washington, DC 20530
Telephone: (202) 307-0468

FOR PLAINTIFFS STATE OF OHIO
AND ON BEHALF OF ALL
PLAINTIFF STATES

_/s/ Mitchell L. Gentile_
MITCHELL L. GENTILE
Office of the Ohio Attorney General
150 East Gay Street, 23rd Floor
Columbus, OH 43215
Tel: (614) 466-4328
Fax: (614) 995-0266

FOR DEFENDANTS AMERICAN
EXPRESS COMPANY AND AMERICAN
EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

_/s/ Kevin J. Orsini_
EV AN R. CHESLER
STUART W. GOLD
PETER T. BARBUR
KEVIN J. ORSINI
CRA VATH, SWAINE & MOORE LLP
825 Eighth A venue
New York, NY 10019

_/s/ Philip C. Korologos_
DONALD L. FLEXNER
PHILIP C. KOROLOGOS
ERIC J. BRENNER
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022

**Exhibit A**
**Non-Party Requests for Confidential Treatment**
U.S. v. Amex
10-cv-04496 (NGG)(RER)

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| A&P | DX0294 | Agreement between American Express Travel Related Services Company, Inc. and The Great Atlantic and Pacific Tea Company, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX0663 | Pathmark Stores, Inc. - Agreement for American Express Card Acceptance/Supermarket | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX0821 | Letter from R. Loeffler to J. Donald re: American Express acceptance at Pathmark (attaching: Executive Summary of American Express Card Proposal - APTAMX00000776; Pathmakr with Amex Plus Sales at 25% Analysis - APTAMX00000778; American Express & Pathmark Risk Slides - APTAMX00000780) | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX0826 | E-mail from R. Loeffler to J. Marques re: open questions w/amex proposal | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX4421 | Discover Notice for Change of Fees | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX5303 | E-mail from J. Riche to M. Cottell, re: RE: Amex Fees-A&P (attaching: A&P CAA) | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX6936 | American Express CAA for Pathmark | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX6939 | Redlined American Express CAA for Pathmark | Redact | | Reflects financial terms of current agreement | No Objection | |
| A&P | DX6940 | Redlined American Express CAA for Pathmark | Redact | | Reflects financial terms of current agreement | No Objection | |
| AHOLD | DX1120 | Letter from R. Loeffler to R. Picariello re: Stop & Shop copies of Amendment and Guarantee Addendum for Amex Acceptance Test (attaching: Amendment to Amex CAA - AHDAMX00012129; Guarantee Addendum to Amex CAA - AHDAMX00012134) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX1261 | BI-LO Amex CAA | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX1377 | Letter from S. Samoy to M. Elworthy re: American Express proposal for Ahold | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1378 | Letter from S. Samoy to M. Elworthy re: American Express proposal for Ahold | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1402 | E-mail from M. Elworthy re: Amex Proposal | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| AHOLD | DX1404 | E-mail from Steve Ortega to Maureen Elworthy re: "Amex Proposal," April 12, 2003 | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1437 | E-mail from J. Brewer to M. Elworthy re: Ahold Marketing Funds (attaching Ahold USA Presentation, "American Express Partnership Proposal" | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1608 | E-mail from M. Elworthy to B. Hotarek, re: Payment Cards Memo | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1645 | E-mail from T. Hodge to S. Samoy and J. Brewer re: Proposal for Giant of Carlisle Amex acceptance (attaching Amex Card Acceptance Proposals Document) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX1669 | E-mail from M. Elworthy to M. Shapiro re: Going forward with Giant of Carlisle (attaching: American Express Card Acceptance Proposal to Giant of Carlisle summary - AHDAMX00847980) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX1905 | E-mail from S. Samoy to M. Elworthy re: Ahold USA Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1935 | E-mail from M. Shapiro re: Amex for Ahold, USA (attaching: Ahold USA spreadsheet - AHDAMX00514646) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1949 | E-mail from M. Shapiro to C. Schlicker re: Amex call | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX1982 | E-mail from M. Shapiro to C. Schlicker re: Amex call | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2025 | E-mail from D. Kline to M. Elworthy re: 5-year term | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2041 | E-mail from M. Shapiro to M. Elworthy, N. Montepara re: AMEX Analysis (includes: Amex analysis) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2050 | Letter from M. Elworthy to K. Ross and L. Wicken re: AUSA AMERICAN EXPRESS RECOMMENDATION | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2051 | Memo from M. Elworthy to K. Ross, L. Wicksen re: AUSA American Express Recommendation | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2053 | E-mail from R. Kleiner to M. Elworthy re: New draft of Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| AHOLD | DX2054 | Memorandum from M. Elworthy to K. Ross & L. Wicksen. re: Ahold USA American Express Recommendation | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2057 | E-mail from M. Elworthy re: American Express memo (attaching: Ahold USA American Express Recommendation memo - AHDAMX00591368) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2063 | E-mail from S. Samoy to M. Elworthy re: Ahold USA Agreement-Proposed Langauge re: Additional Supermarket Locations | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2188 | E-mail from S. Samoy to M. Elworthy, re: Final draft Amex Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX2189 | E-mail from M. Elworthy to R. Herring re: Amex Info | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2190 | E-mail from M. Elworthy re: Final draft Amex Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX2221 | E-mail from S. Young to J. O'Brien Fay re: Transaction fees | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2320 | E-mail from S. Samoy to M. Elworthy re: March 1, 2005 deadline | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2363 | Memo from M. Elworthy to L. Wicksen re: American Express Proposal Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2449 | E-mail from T. Koch to M. Elworthy re: follow up on Ahold contract/signing bonus calculations | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2484 | E-mail from T. Koch to S. Samoy, M. Saunders re: 6/13 or 6/17 to prep Amex/Ahold proposal? | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2493 | E-mail from L. Wicksen to A. Moberg re: Amex | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2768 | E-mail from M. Elworthy re: Ahold retail contract for Amex acceptance | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX2774 | E-mail from L. Wicksen re: Ahold retail contract for Amex acceptance | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX2786 | E-mail from M. Elworthy to K. Ross re: Amex | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2792 | E-mail from M. Elworthy re: Ahold retail contract for Amex acceptance | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| AHOLD | DX2825 | E-mail from M. Elworthy re: Amex Proposal - US Retail (attaching: Memo from M. Elworthy and L. Wicksen to K. Ross re: American Express Proposal US Retail - AHDAMX00543905) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX2877 | E-mail from T. Semansky to R. Herring re: Amex Proposal | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX3053 | E-mail from T. Koch to M. Elworthy, L. Szalaji re: Ahold Amex retail contract update and next steps | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX3156 | DRAFT Agreement for American Express Card Acceptance with AHOLD | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions | |
| AHOLD | DX3312 | Agreement for American Express Card Acceptance between American Express Travel Related Services Company, Inc. and Ahold U.S.A. Inc. | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX3863 | E-mail from R. Herring to C. Schlicker re: Amex Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX3864 | E-mail from R. Herring to C. Schlicker re: FW: Amex Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX3971 | E-mail from B. Morgan to M. Elworthy re: Amex Acceptance GC (attaching: Giant of Carlisle - Amex Analysis - AHDAMXED02397152; GC Amex Financial Analysis - AHDAMXED02397153; Acceptance Opportunity at Giant of Carlisle deck - AHDAMXED02397157) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX3999 | E-mail from A. Parkinson to M. Elworthy re: Interchange Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX4696 | E-mail from M. Elworthy to J. Bettencourt, re: Amex Update/Summary of Acceptance at Ahold | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | DX4739 | E-mail from T. Tatala to M. Elworthy, re: GC MBR Follow-up- Experience w/ Amex | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX4807 | E-mail from J. Riche to M. Elworthy re: Docs for 3:00 Meeting (attaching American Express Presentation: Supermarket Growth Incentive Program Overview) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX5285 | E-mail from B. Morgan to M. Elworthy re: Amex Pilot | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX5453 | Credit Card Usage on Purchases of $10.00 or Less: Are the Fees Worth It? | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| AHOLD | DX6444 | E-mail from J. Riche to M. Elworthy re: FW: Ahold Follow up to Ahold (attaching Amex presentation: Ahold and American Express (Discussion Document)) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| AHOLD | DX6579 | DRAFT Agreement for American Express Card Acceptance with AHOLD | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| AHOLD | PX0139 | Agreement for American Express® Card Acceptance between American Express and Bi-Lo, L.L.C. | Redact | | Reflects financial terms of current agreement | No Objection | |
| AHOLD | PX1597 | Agreement for American Express Card Acceptance between American Express and Bi-Lo, L.L.C. | Redact | | Reflects financial terms of current agreement | No Objection | |
| AHOLD | PX1598 | Agreement for American Express Card Acceptance between American Express and Bi-Lo, L.L.C. | Redact | | Reflects financial terms of current agreement | No Objection | |
| AHOLD | PX2327 | Agreement for American Express Card Acceptance between American Express and Ahold, U.S.A., Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Air France | DX0045 | Air France (Global)-Agreement | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |
| Air France | DX0441 | Air France (Global)-Terms and Conditions For Worldwide Acceptance of the American Express Card By Airlines | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |
| Air France | DX0442 | Air France (Global)-Side letter to terms and conditions for worldwide acceptance of the American Express Card by Airlines between Air France and American Express Travel Related Services Inc. dated January 1, 1998 | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |
| Air France | DX2506 | Air France (Global)-Terms and Conditions for Worldwide Acceptance of the American Express Card by Airlines | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |
| Air France | DX5086 | Air France (Global)-Letter re: American Express - Air France Card Acceptance Agreement Discount Rate/Payment Plan | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |
| Air France | DX5166 | Air France (Global)-Letter re: American Express - Air France Card Acceptance Agreement Discount Rate/Payment Plan | File Entire Document Under Seal | | Contains highly sensitive pricing and discount information. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Alaska Airlines | DX4401 | Second Amended and Restated Alaska Airlines Affinity Card Agreement | Redact | | SECOND AMENDED AND RESTATED ALASKA AIRLINES AFFINITY CARD AGREEMENT: The agreement sets forth the precise details, including the financial terms and benefits of the relationship between Alaska and FIA Card Services (a subsidiary of Bank of America). | No Objection | |
| Alaska Airlines | DX7251 | Email from K. Thiel to C. Boren; B. Pedersen; J. Sprague; R. Rasmussen; G. Newman; S. Saviano; L. LeDoux; R. St. John, re: Cost of Accepting Credit Cards - Fourth Quarter 2011 | Redact | | DETAILED NON-PUBLIC FINANCIAL INFORMATION: Alaska's payment card sales information including volumes and card mix and payment card acceptance costs for Q4 2011 and calendar year 2011. It also contains various historical analysis of its payment card sales and costs including detailed pie charts and bar charts depicting its payment card costs and sales. All of this data was generated internally by Alaska . | No Objection | |
| Alaska Airlines | PX0135 | Alaska Airlines document re. "Documents Responsive to Subpoena Request No. 4" | Redact | | DETAILED NON-PUBLIC FINANCIAL INFORMATION: Alaska's payment card sales information including volumes and card mix and payment card acceptance costs for Q4 2011 and calendar year 2011. It also contains various historical analysis of its payment card sales and costs including detailed pie charts and bar charts depicting its payment card costs and sales. All of this data was generated internally by Alaska . | No Objection | |
| Albertson's | DX3181 | M. Bessent to G. Morton and D. Ober re: fw: Contract - per our conversation (attaching Albertson's - Draft American Express Card Acceptance Agreement) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Albertson's | DX3472 | Amex-Albertson's Agreement for Amex Card Acceptance | Redact | | Reflects financial terms of current agreement | No Objection | |
| Albertson's | DX3473 | Agreement for American Express Card Acceptance | Redact | | Reflects financial terms of current agreement | No Objection | |
| Albertson's | DX6599 | Albertson's - Draft American Express Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Albertson's | DX6600 | Albertson's - Draft American Express Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| American Airlines | DX0444 | American Airlines-Airline Cooperative Marketing Program Addendum | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| American Airlines | DX0508 | American Airlines-Letter re: January 1, 1998 Airline Card Service Agreement between American Airlines, Inc. | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX0565 | American Airlines-Letter re: Side Letter to Airlines Card Service Agreement | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX1267 | American Airlines-Airline Cooperative Marketing Program Addendum | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions.(2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No Objection | |
| American Airlines | DX1268 | American Airlines-Letter Supplement to January 1, 2003 Middle Market Corporate Co-Branded Card Program Agreement | Redact | Y. Co-Brand Agreement | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | Document Filed Under Seal In Entirety Per Court Order | |
| American Airlines | DX1460 | American Airlines-First Amendment to the Middle Market Corporate Co-Branded Card Program Agreement | Redact | Y. Co-Brand Agreement | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | Document Filed Under Seal In Entirety Per Court Order | |
| American Airlines | DX1989 | Us Airways, Inc-Letter re: Supplement to June 14, 2004 Airline Card Service Agreement between American Express Travel Related Services Company and US Airways | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| American Airlines | DX3366 | Us Airways, Inc-Airline Card Service Agreement | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX4722 | American Airlines-Middle Market Corporate Co-Branded Card Program Agreement | Redact | Y. Co-Brand Agreement | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | Document Filed Under Seal In Entirety Per Court Order | |
| American Airlines | DX4927 | Amendment to Airline Card Service Agreement between American Express Travel Related Services Company, Inc. and American Airlines, Inc. | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX5054 | American Airlines-Business Insights Agreement | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No Objection | |
| American Airlines | DX5366 | American Airlines-Amended and Restated Airlines Card Service Agreement | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions.(2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX5492 | Us Airways, Inc-Airline Card Service Agreement | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| American Airlines | DX5496 | Us Airways, Inc-Letter re:American Express Travel Related Services Company, Inc. - Airline Worldwide Card Service Agreement with US Airways Inc. | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No objection except with respect to any anti-steering provisions. | |
| American Airlines | DX5545 | American Airlines-Exhibit A: Election Form - Airline Cooperative Marketing Program 2011 Annual Selection | Redact | | (1) CURRENT CARD SERVICE AGREEMENTS & ADDENDA: Redact current risk provisions, pricing provisions, & term provisions. (2) CO-BRANDED CARD PROGRAM AGREEMENTS & ADDENDA: Redact current and prior provisions governing funding and exclusivity of co-branding programs. | No Objection | |
| Bank of America | PX0600 | Compilation of American Express Documents re "Bank of America" | File Entire Document Under Seal | Y. Card Issuer Agreement | AGREEMENT: The 2005 agreement between Amex and Bank of America is currently operational and contains confidential financial terms. Bank of America does not disclose or disseminate the terms of the agreement -even to most of its own employees. Accordingly Bank of America "respectfully requests that (1) to the extent the Agreement is entered into the record, it be entered under seal, or, in the alternative, (2) the most commercially-sensitive provisions of the Agreement be redacted." | No Objection | |
| Best Buy | DX1552 | Best Buy-Amendment to American Express Card Acceptance Agreement | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |
| Best Buy | DX2075 | Best Buy-Agreement for American Express Card Acceptance Retail Industry | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Best Buy | DX2863 | Breakdown of sales of a product, by month for several years, sales by tender type and the assocaited expenses | File Entire Document Under Seal | | INTERNAL SPREADSHEET: The information contained in the spreadsheet is compiled internally. It is created by Best Buy's Financial Services department that tracks Best Buy's sales, transaction count, average-ticket amount, acceptance costs, and percentage acceptance costs for various forms. The spreadsheet contains information from January 2006 to June 2012. | No Objection | |
| Best Buy | DX5160 | Best Buy-Amendment to the Amended and Restated Agreement for American Express Card Acceptance Between Best Buy Stores, LP and American Express Travel Related Services Company Inc. | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |
| Best Buy | PX0169 | Agreement for American Express Card Acceptance between American Express and Best Buy Stores L.P. | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |
| Best Buy | PX0345 | Agreement for American Express Card Acceptance between American Express and Best Buy Stores, L.P. | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |
| Best Buy | PX1235 | Email from Matt A Ouellette to Dee O'Malley re. Updated CAA for Discussion attaching Amended and Restated Agreement for American Express Card Acceptance between Best Buy Stores, L.P. and American Express | Redact | | AGREEMENTS: Certain terms in Best Buy's agreements relating to fees that Best Buy pays and the "Strategic Investment Funds" ("SIF") and other incentives that Best Buy receives from Amex. This agreement is redlines to reflect negotiations between Amex and Best Buy. With the exception of the SIF and pricing information, Best Buy does not object to the public's access to these documents. | No objection except with respect to any anti-steering provisions. | |
| BI-LO | DX1770 | Amendment to American Express Card Acceptance Agreement with Bi-Lo Stores | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| BI-LO | DX3835 | Amendment to American Express CAA | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| BI-LO | DX4008 | E-mail from V. Suglia to K. Jones re: Bi-Lo LLC - Card Acceptance Agreement & Strategic Marketing Fund Amendment | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Citibank | DX5038/PX1327 | American Express Card Issuer Agreement with Department Stores National Bank | File Entire Document Under Seal | Y. Card Issuer Agreement | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |
| Citibank | DX5202 | E-mail from D. Ruda to M. Maloszycka re: AIG-Rebid updated/IMPORTANT | File Entire Document Under Seal | | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |
| Citibank | DX5359 | E-mail from E. choi to D. Ruda re: Ford File Deliverables | File Entire Document Under Seal | | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |
| Citibank | DX5568 | E-mail from K. Collins to D. Ruda re: Electrolux-Commercial Card wins | File Entire Document Under Seal | | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |
| Citibank | DX5866 | E-mail from Sylvie Billet, Citi, to Melanie Coutin, Citi | File Entire Document Under Seal | | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Citibank | DX5948 | E-mail from D. Ruda to T. Hall re: MASCO New Pricing Request TE and Pcard | File Entire Document Under Seal | | INTERNAL BUSINESS STRATEGY/CONFIDENTIAL COMMERCIAL AGREEMENTS: Citibank respectfully requests that these documents remain under seal if they are to be used at trial. The exhibits reflect Citibank's internal business strategies and the terms of its confidential commercial agreements, including a card issuance agreement. | No Objection | |
| Costco | DX0620 | Memorandum from J. Detlor to R. Galanti, P. Moulton, H. Kaplan, P. Callans, B. Craves, G. Roeglin and R. Jenkins re: Review of Revised Amex Joint Card Agreement | File Entire Document Under Seal | | Co-Brand Agreement | No Objection | |
| Costco | PX1269 | Costco memorandum re "Review of Revised Amex Joint Card Agreement" | File Entire Document Under Seal | | Co-Brand Agreement | No Objection | |
| Crate & Barrel | DX7551 | Crate & Barrel - Tender Activity (U.S. only) Data shown by Fiscal Year | Redact | | NON PUBLIC FINANCIAL DATA | No Objection | |
| CVS | DX1829 | 2004 Treasury Budget Summary Schedules spreadsheet | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| CVS | DX2259 | "Treasury 2005 Budget Summary" spreadsheets | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| CVS | DX2880 | DRAFT - Agreement for American Express Card Acceptance | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No objection except with respect to any anti-steering provisions. | |
| CVS | DX2928 | A. Schneeloch to P. Galbo re: Credit 2006 Feb. Forecast | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| CVS | DX2929 | Draft Agreement for American Express Card Acceptance with CVS Pharmacy, Inc. | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| CVS | DX2951 | E-mail from N. Polk to P. Nash re: Fw: Revised: CVS Card Acceptance Agreement Redline | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| CVS | DX3146 | CVS Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| CVS | DX3148 | E-mail from P. Nash to A. Schneeloch re: American Express Rate | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| CVS | DX3627 | E-mail from P. Nash to J. Buckley re: FW: Caremark rate changes | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL COST INFORMATION | No Objection | |
| CVS | DX3628 | E-mail from P. Nash to J. Buckley, et al., re: FW: Caremark rate changes | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT/ CONFIDENTIAL COST INFORMATION | No Objection | |
| CVS | DX3867 | ExtraCare Customer Insight Study, Q2 2007 | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| CVS | DX4727 | Statement of Work - CVS Data Enhancement and List Processing | Redact | | CONFIDENTIAL BUSINESS PRACTICE | No Objection | |
| CVS | DX5088 | Chart - Credit Card Discount Variance | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| CVS | DX5117 | E-mail from P. Nash to C. DeNale re: Amex Stats | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| CVS | DX5358 | E-mail from J. Perron to H. Peloquin, re: RE: Credit - October Fcst | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| CVS | DX6315 | table: Credit Contingencies | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| CVS | DX6964 | Interchange Reform - Durbin Amendment Debit Reform, Interchange Savings Projections | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| CVS | DX6965 | POS Transation Master Tabel | Redact | | CONFIDENTIAL BUSINESS PRACTICE | No Objection | |
| Darden | DX1033 | Darden Restaurants-Amendment to Card Acceptance Agreement: Restaurant Industry | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No objection except with respect to any anti-steering provisions. | |
| Darden | DX1462 | Darden Restaurants-Agreement for American Express Card Acceptance, Addendum to American Express Card Acceptance Agreement | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Darden | DX2408 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX3224 | Red Lobster (affiliated with Darden)-American Express Participation Agreement | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | DX4486 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX4922 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX4923 | Darden Restaurants-Registered Card Participation Form | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | DX4934 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX5103 | Darden Restaurants-Zync Card Pack Participation Form 3-31-10 | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | DX5298 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX5396 | Darden Restaurants-American Express Merchant to Cardmember Marketing Program | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | DX5851 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Darden | DX6769 | Darden Restaurants-Notice of Modification to Business Building Bonus Program | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Darden | DX7359 | The 2013 Rewards Participation Agreement | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | PX1272 | Darden document re "Annual Credit Card Financial Report: FY 2012: Consolidated Darden" | File Entire Document Under Seal | | DETAILED SALES DATA, FEES PAID TO CREDIT CARD ISSUERS & OTHER FINANCIAL DATA. | No Objection | |
| Darden | PX2452 | Email from Chip Kunde to Valerie Insignares et al. re. Victory on Debit Swipe Fees Vote | File Entire Document Under Seal | | DETAILED SALES DATA, FEES PAID TO CREDIT CARD ISSUERS & OTHER FINANCIAL DATA. | No Objection | |
| Darden | PX2453 | Email from Melissa Sublette to Chip Kunde et al. re. NRF Call - Durbin Challenge | File Entire Document Under Seal | | DETAILED SALES DATA, FEES PAID TO CREDIT CARD ISSUERS & OTHER FINANCIAL DATA | No Objection | |
| Darden | PX2458 | "GMRI, INC. - MasterCard Strategic Alliance Agreement between GMRI, Inc. and MasterCard International | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | PX2459 | "Letter from Dana Trace to Darden SV, Inc c/o Melissa J. Sublette" | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | PX2460 | "Letter from Reanna Levinson to Cindy Sykes re. American Express Platinum and Centurion Card Dining Program attaching American Express document re. ""Platinum and Centurion Dining Reservations - an exclusive benefit for Platinum Card and Centurion Members: Participating Restaurant Questionnaire""" | File Entire Document Under Seal | | DETAILED CONTRACTUAL AGREEMENTS: The agreements contain sensitive marketing, sales, fees, and other strategic alignments between Darden and American Express. | No Objection | |
| Darden | PX2591 | Darden's Annual Credit Card Financial Report FY 2013 | File Entire Document Under Seal | | DETAILED SALES DATA, FEES PAID TO CREDIT CARD ISSUERS & OTHER FINANCIAL DATA. | No Objection | |
| Davio's | PX2425 | "Davios" document re. "Davio's Group Total" | File Entire Document Under Seal | | NON PUBLIC FINANCIAL DATA | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX1333 | Quick Service Industry Pricing Sheet | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy (3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present (4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects (5) all powerpoint presentations that either spell out marketing or business strategies (6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX2159 | Discover Network Business Rules Manual: Credit Disputes | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy (3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present (4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects (5) all powerpoint presentations that either spell out marketing or business strategies (6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX2418 | Letter from D. Bell to R. Paquette re: Merchant Fees | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX2456 | Card Acceptance Agreement between Walgreen Co. and Discover Card Services, Inc | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX3054 | DFS Memorandum: Fraud Loss Risk Associated with Merchant Signature Requirements | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX3221 | Acquirer Agreement by and between Discover Financial Services and Global Payments Direct, Inc. (Execution Copy) | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX3677 | "Discover Network: Issuer Pricing Committee," | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX3836 | Power Point Presentation by Discover, "2008 Attitudes & Usage: Initial Learning and Application" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.

**Per Discover's Proposed Order for Protective Order, these documents include:**
(1) merchant operating regulations between 2010 and 2012
(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy
(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present
(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects
(5) all powerpoint presentations that either spell out marketing or business strategies
(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX4506 | Discover Card Deck: "2008 Attitudes & Usage: Initial Learning and Application" | File Entire Document Under Seal | | Discover requests the Court grant a protective order from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX4835 | Discover, "Strategy" deck | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX5567 | Citi/Discover "Our Partnership" deck | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX5850 | Bridging the Merchant Acceptance Perception Gap Steering Committee Meeting #2 | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy (3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present (4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects (5) all powerpoint presentations that either spell out marketing or business strategies (6) all contracts between a merchant and a merchant acquirer | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX5911 | Merchant Operating Regulations | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX5912 | DFS Merchant Operating Regulations Release 12.1 | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6115 | "Merchant Operating Regulations" Deck | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6967 | Payment Services deck | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6968 | Dick's Better Partner Better Team deck with notes | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6969 | Discover Cover Page | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6970 | ADP Payroll Card Brand: RFP Follow-up Presentation | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6971 | Presentation Slide: "Advertising tie-ins" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy (3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present (4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects (5) all powerpoint presentations that either spell out marketing or business strategies (6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6972 | Advertisement: "Introducing Aline Pay by ADP, The Shortest distance between you and electronic pay." | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6973 | Presentation Slide: "Discover Unique Differentiators Offer ADP Flexibility" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6974 | Presentation Slide: "Discover - Prepaid Reload" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6975 | Notes: "Discover Prepaid Online Load Solution" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6976 | Presentation Slide: "Discover Offers" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6977 | Presentation Slide: "Discover - Cash Over" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6978 | Presentation Slide: "Discover - Spend Analyzer" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6979 | Notes: "Prepaid Payroll Card Analysis" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6980 | Presentation Slide: "The Discover Brand - Known for Rewards" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6981 | Presentation Slide: "The Discover Brand - Seen as Refreshing" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6982 | Presentation Slide: "Who is a Refreshment Seeker" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6983 | Presentation Slide: "Discover - Expanding Brand Presence" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6984 | Presentation Slide: "Discover - Exclusive Cardholder Benefits" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6985 | Presentation Slide: "Retain Cardholders with Discover - Bank Products" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6988 | Power Point Presentation "Discover Cardmember Profiles" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6989 | Discover, "Product Suite Inquiries" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6990 | Spreadsheet: "DOJ Data Request" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX6991 | DOJ Data Request - Discover, "Transactions Revenues," spreadsheet, 2008-2011 | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX6992 | DOJ Data Request - Discover, "Transaction Volumes and counts," spreadsheet, 2008-2011 | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX7253 | "American Express Presentation:  Discover Network: Preliminary Due Diligence" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.  **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy (3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present (4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects (5) all powerpoint presentations that either spell out marketing or business strategies (6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX7254 | Accelerating DFS' Network Strategy for Payments: Off-site discussion document (draft) | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX7255 | Discussion Document: New Initiative- Signature Debit Product | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | DX7256 | "Discover Presentation: 2008 Attitude & Usage: Initial Learning and Application" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | DX7257 | "Discover Presentation: Network Product Enhancements" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX0075 | Morgan Stanley PowerPoint presentation titled "Merchant Pricing Strategy: Tom Kossler" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1274 | The Boston Consulting Group PowerPoint presentation titled "Bridging the Merchant Acceptance Perception Gap: Steering Committee Meeting #2" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1275 | Discover PowerPoint presentation titled "2008 Attitudes & Usage: Initial Learning and Application" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1276 | Email from Suzanne Smits to Tom Kossler re. Fw: Itunes | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1278 | Email from Judy Yip to JaVonne N. Jennings et al. re. Mr. William Crenshaw Letter - Publix attaching letter from Roger Hochschild to William E. Crenshaw re untitled | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1279 | Letter from Roger Hochschild to Natan Tabak re untitled attaching Press Release, Discover, Financial Institutions AND Merchants are Invited to Partner with Discover (May 6, 2004), two Océ Business Solutions documents re "Shipping Request Form" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1280 | Discover document re "Merchant Call Report" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1281 | Discover PowerPoint presentation titled "Pricing for Premium Signature Debut, Premium Plus Consumer Credit, and Executive Business" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1282 | Discover document re "Discover - PayPal Partnership Opportunities Discussion Notes" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1283 | Email from Harit Talwar to Edward Stolbof et al. re. Re: NY Taxi's | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1284 | Email from Keith L. Wilson to Kevin O'Donnell re. Re: Fw: Petro | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1285 | Discover PowerPoint presentation titled "Pricing and Product Strategy" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1286 | Discover document re "Acquirer Interchange and Assessment Manual" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1287 | Discover PowerPoint presentation titled "Wal*Mart/Discover Card Partnership Program" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1288 | Discover PowerPoint presentation titled "Merchant-Owned Payment System Opportunity" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1289 | Email from Jonas Ng to Michael Canady et al. re. Share Shift project - potential merchant targets? | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1290 | Email from Kevin O'Donnell to Roger Hochschild et al. re. Dell Suggested Talking Points | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1291 | Discover PowerPoint presentation titled "Global Pricing Overview" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1292 | Email from Sebe Williford to Mike Campero et al. re. Re: Walmart Deck attaching Discover PowerPoint presentation titled "Wal-Mart" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1293 | Discover PowerPoint presentation titled "Walmart and Discover Financial Services, Inc." | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1294 | Email from Carolyne E Balacek to Roger Hochschild et al. re. Emerging Merchants Exclusivity attaching Discover document re "Recap of Emerging Merchants Exclusivity Meeting" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1295 | Discover document re "Conference Call Report" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1296 | Discover PowerPoint presentation titled "Home Depot Share Shift Proposal" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1297 | Discover PowerPoint presentation titled "Strategic Merchant Pricing" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1328 | C&R Research PowerPoint presentation titled "NOVUS Network Merchant Study" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1330 | Discover document re "Call Report" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1920 | Boston Consulting Group PowerPoint presentation titled "Bridging the Merchant Acceptance Perception Gap: Steering Committee Meeting #2" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1921 | Discover document re "Merchant Operating Regulations: Release 11.2" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Discover | PX1922 | Discover excel spreadsheet titled "Revenue.XLSX" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter. **Per Discover's Proposed Order for Protective Order, these documents include:** (1) merchant operating regulations between 2010 and 2012 (2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects(5) all powerpoint presentations that either spell out marketing or business strategies(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Discover | PX1923 | Discover excel spreadsheet titled "Volumes.XLSX" | File Entire Document Under Seal | | Discover requests the Court grant a protective order precluding all of the documents listed on Exhibit A from being disclosed in open court during the trial in this matter.<br><br>**Per Discover's Proposed Order for Protective Order, these documents include:**<br>(1) merchant operating regulations between 2010 and 2012<br>(2) all customer pricing documents that reflect Discover's customer pricing and pricing strategy<br>(3) strategy documents concerning Discover's efforts to close the domestic acceptance gap between 2005 and the present<br>(4) all targeted marketing plans, individual customer proposals, and documents reflecting communications with customers and prospects<br>(5) all powerpoint presentations that either spell out marketing or business strategies<br>(6) all contracts between a merchant and a merchant acquirer | No Objection | |
| Expedia | DX0184 | Expedia Travel-Amendment to American Express Card Service Agreement for Retail Establishments | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Expedia | DX1843 | Expedia Travel-Agreement Card Identification Number Fraud Prevention Reduction Program | File Entire Document Under Seal | | AGREEMENT: This agreement contains highly confidential information related to fraud-protection programs, the process by which Expedia implements that program and certain audit rights granted to Amex to ensure compliance with the program. | No Objection | |
| Expedia | DX2081 | Agreement between Diners Club International Ltd., Expedia, Inc., and Hotels.com, Inc. | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No Objection | |
| Expedia | DX2949 | Agreement for American Express Card Acceptance between Amex and Expedia | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |
| Expedia | DX2950 | Expedia Travel-Business Insights Agreement | File Entire Document Under Seal | | AGREEMENT: This agreement contains highly confidential information related to pricing information, payment schedules and terms, fraud prevention processes and other individually negotiated contract terms. | No Objection | |
| Expedia | DX4378 | Expedia Travel-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Expedia | DX4640 | Expedia Travel-Amendment to Agreement for American Express Card Acceptance | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |
| Expedia | DX4990 | Expedia Travel-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |
| Expedia | DX5192 | ▮▮▮▮▮ Select Merchant Payment Card Processing Agreement between ▮▮▮▮ and Expedia | File Entire Document Under Seal | | AGREEMENT: This agreement contains highly confidential information between Expedia and the acquiring bank with which Expedia contract to process payments it receives from Visa and MasterCard transactions. | No Objection | |
| Expedia | DX5370 | Amendment to CAA between Amex and Expedia | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |
| Expedia | DX5553 | Expedia Travel-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | CARD ACCEPTANCE AGREEMENTS & AMENDMENTS: These agreements contain certain highly confidential terms including pricing and payment schedules, discount rates, minimum volume requirements, foreign exchange benchmark indexes and cross-currency settlement requirements, Service Level Agreement ("SLA") response times and resolution processes, service exclusivity terms; and encryption and security requirements. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Expedia | DX6012 | Associate Costs Chart: United States Point of Sale | File Entire Document Under Seal | | DETAILED NON-PUBLIC FINANCIAL INFORMATION: spreadsheet that identifies and states the total amount of payments made by Expedia to Amex, the acquiring bank Expedia uses for Visa and MasterCard transactions and Discover for U.S. points of sale in 2010, 2011 and 2012. | No Objection | |
| Expedia | DX7260 | Expedia Financials | File Entire Document Under Seal | | DETAILED NON-PUBLIC FINANCIAL INFORMATION: spreadsheet that records for each month from 2009 to 2012 the amounts of charges made on Expedia's websites with the four charge cards by international point of sale. | No Objection | |
| ExxonMobil | DX0063 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| ExxonMobil | DX0075 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| ExxonMobil | DX0252 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| ExxonMobil | DX0256 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| ExxonMobil | DX2726 | Mobil (Exxonmobil)-Letter re: Letter Amendment to the Card Acceptance Agreement between Exxon corp and American Express Travel Related Services Company dated December 31, 1987 and as subsequently amended and the Card Acceptance Agreement between Mobil Oil Corp and Amex dated November 1, 1986 and as subsequently amended | Redact | | PRICING TERMS: pricing terms in its past and current credit card agreements with Amex. | No objection except with respect to any anti-steering provisions. | |
| ExxonMobil | DX2846 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX0580 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX1192 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Federal Express | DX1604 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX2326 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3315 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3422 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3455 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3555 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3574 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3578 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX3612 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX4001 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX4120 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| Federal Express | DX4790 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Federal Express | DX5355 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from the Amex exhibit list. |
| HEB | DX0651; PX2400; PX2401 | Agreement for American Express Card Acceptance/Supermarket between American Express and H.E. Butt Grocery Company | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX2478 | E-mail from J. Callahan to J. Brouillard re: Credit Card Fees; attaching Executive Summary re: Increasing Cost of credit and Debit Card Fees | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX3727 | E-mail from J. Callahan to B. Gutierrez re: FW: AMEX Rebate | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX3968 | HEB Background Memorandum | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX3969 | Redacted e-mail from T. Piland to C. Boyan, et al., re: FW: Credit Card Fees, attaching Credit Card Costs.doc (attaching Document prepared by J. Callahan re: H-E-B's 2008 credit and debit card fee budget is $85 million) | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX3970 | E-mail from C. Butt to B. Loeffler re: RE: Credit Card Fees | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX4185 | E-mail from J. Callahan to C. Butt, T. Piland re: RE: Credit Cards | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX4187 | E-mail from J. Callahan re: RE: Credit cards | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX4805 | E-mail from B. Gutierrez to J. Callahan re: FW: Fw: Important Change with your Merchant Account; attaching presentation: Supermarket Growth Incentive Program Overview (HEBAMXED02292545) | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX5321 | E-mail from B. Gutierrez to J. Callahan, RE: PayPal-American Express Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX5322 | E-mail from J. Callahan to B. Gutierrez, re: Re: Paypal-American Express Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX5357 | E-mail from J. Callahan to M. Rooney re: Re: Credit card fees | Redact | | Reflects financial terms of current agreement | No Objection | |
| HEB | DX7008 | Visa Marketing Options | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hilton | DX 7515 | Declaration of Charles R. Corbin in Support of Motion of Non-Party Hilton Worldwide, Inc. Objecting to Public Disclosure At Trial of Certain Trial Exhibits and Testimony | File Entire Document Under Seal | | DECLARATION IN SUPPORT OF MOTION TO FILE TRIAL EXHIBITS UNDER SEAL | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX0567 | Hilton Hotels-Super Premium Card Partner Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX0750 | Hilton Hotels-Amendment No.1 to Super Premium Card Partner Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX1269 | Hilton Hotels-Hhonors Platinum Card Co-Branded Credit Card Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX1681 | Amex, "Performance Metrics Report," presentation, Dec. 2003 | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX1847 | "CCSG Co-Brand Approach" presentation | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX2198 | Power Point Presentation by Amex "Total US Commercial Card Financial Summary December 2004" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX2370 | Hilton Hotels-First Amendment to HHonors Platinum Card Co-Brand Credit Card Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX2714 | "ESNA Business Unit Review: ES Pricing" September 26, 2005 | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX2757 | Hilton Hotels-Letter Supplement | File Entire Document Under Seal | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX2821 | Power Point Presentation by Amex "Total US Commercial Card Financial Summary December 2005" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3075 | US Membership Rewards Redemptions Chart June 2006 | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3282 | Hilton Hotels-Master Rewards Participant Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3373 | Hilton Hotels-Meetings Addendum to Lodging Worldwide Card Service Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3374 | Lodging Industry Flexible Cooperative Marketing Program Supplement to the Lodging Worldwide Card Service Agreement between American Express Travel Related Services Company, Inc. and Hilton Hotels Corporation | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3377 | Amex Presentation: North America Establishment Services & Global Network Financial Review, January 2007 Results | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3507 | Amex, "U.S. Membership Rewards Business Unit Review," presentation, 2007 | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3580 | Power Point Presentation "North America Establishment Services & Global Network Financial Review: June 2007 Results" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX3834 | Amex Deck, "Merchant Services United States - Financial Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4227 | "Membership Rewards Performance Metrics Package" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4325 | Hilton Hotels-Supplement to the Lodging Industry Flexible Cooperative Marketing Program Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4354 | Hilton Hotels-Agreement | File Entire Document Under Seal | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4381 | Global Merchant Services Financial Review: January 2009 Results | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4815 | Hilton Hotels- | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4870 | Power Point Presentation by Amex "CCSG Financial Review" | File Entire Document Under Seal | Y. Non-Public Financial Information | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4920 | "Merchant Pricing Update to Operating Committee" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX4987 | Amex Acquisition Investment Decisionmaking deck | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5219 | Hilton Hotels-Letter re: American Express Travel Related Services Company Inc. - Hilton Hotels Corp/Lodging Worldwide Card Service Agreement dated January 1, 2007 | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5380 | "Custom Campaign Analysis: Florida Spring & Summer Campaign" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5432 | CCSG Financial Review | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5435 | CCGS Financial Review | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5754 | Hilton Hotels-Letter re: American Express Travel Related Services Company Inc. American Express Payment Services Limited and Hilton Hotels Corporation also known as Hilton Worldwide Lodging Worldwide Card Service Agreement | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX5970 | CCGS Financial Review | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX6610 | CCSG P&L By Product-Month December 2007 | File Entire Document Under Seal | Y. Non-Public Financial Information | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX6760 | "Membership Rewards MR Controllership Quarterly Communication Fourth Quarter 2010" deck | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX6914 | Data Update - Hilton_JetB_StarW_Delta_Costco.xlsx" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX7248 | "American Express Presentation: The Hilton Family: Hilton and American Express Blue Box JMC" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX7249 | "American Express Presentation: Hilton Hotels Corporation and American Express: Partnership Overview" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | DX7277 | "American Express Presentation: Hilton Worldwide and American Express Top 2 Top - Q1 2010" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |
| Hilton | DX7516 | Declaration of Carrie M. Anderson in Support of Motion of Non-Party Hilton Worldwide, Inc. Objecting to Public Disclosure At Trial of Certain Trial Exhibits and Testimony | File Entire Document Under Seal | | DECLARATION IN SUPPORT OF MOTION TO FILE TRIAL EXHIBITS UNDER SEAL | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0028 | Email from John J Aprile to Jodi R Gorenstein re. Pricing Materials attaching American Express PowerPoint Presentation titled "Merchant Pricing: Update to Operating Committee," American Express PowerPoint presentation titled "Merchant Pricing: Update to Operating Committee," American Express PowerPoint presentation titled, "Pricing Performance" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0061 | American Express excel spreadsheet titled "GCG Lodging Value Recapture" attaching American Express PowerPoint presentation titled "Progress of the Lodging VR Program for NA based global accounts" | File Entire Document Under Seal | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0115 | Email from Stacy E Mark to Rita R Hanes re. TEI-Account Overview attaching American Express PowerPoint presentation titled "Travel and Entertainment Industries Major Account Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0208 | Email from Stacy E Mark to Shane P Berry re. Bill Glenn Deck-updated attaching American Express PowerPoint presentation titled "Travel and Entertainment Industries Business Performance Overview & Account Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0220 | Email from William H Glenn to Sandra M Sanchez re. Information Requested attaching American Express PowerPoint presentation titled "Travel Entertainment Industries Pricing Discussion" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0235 | Email from Anna G Yoon to Jason P Taylor et al. re. Confirmed: Prep for Delta meeting with Shane and Steve (May 14 04:00 PM EDT in 34-520 888.490.9060, passcode: 8316904#, mod: 1443870#) attaching American Express PowerPoint presentation titled "Lead to Win Expanding Boundaries" | Redact | | Hilton requested that certain exhibits be filed in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0245 | Email from Joseph I Rosenbaum to John Shannon et al. re. RE: Revised Draft CSA attaching Lodging Worldwide Card Service Agreement between Hilton Hotels Corporation and American Express | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0286 | American Express PowerPoint presentation titled "ES Strategic Relationships Group (SRG) Lodging Industry Update-" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0306 | Email from Valerie Soranno to John Theiss et al. re. Contract Update | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0322 | Agreement for American Express Card Acceptance between American Express and Hilton Hotels Corporation | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0360 | American Express PowerPoint presentation titled "The Competitive Pricing Landscape, Implications and Options: Ken Chenault Shirtsleeves: GES Global Pricing" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0371 | American Express PowerPoint presentation titled "ESNA Business Unit Review: ES Pricing" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0372 | American Express PowerPoint presentation titled "Al Kelly Business Unit Review: ESNA Pricing" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0457 | Email from Jack J Funda to Elizabeth Langwith et al. re. TEI BUR doc attaching American Express PowerPoint presentation titled "Travel and Entertainment Industries (TEI) Business Unit Review with Ed Gilligan" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0548 | American Express excel spreadsheet titled "2006 5+7 ESNA Contractual Marketing" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0553 | Email from Joseph A Wold to Thomas Tierney et al. re. Document for Bill meeting 8am 4/28 attaching American Express PowerPoint presentation titled "TEI Value Re-capture Update" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0652 | Lodging Worldwide Card Service Agreement between American Express Travel Related Services Company, Inc. and Hilton Hotels Corporation | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0664 | Email from Brad Thompson to James J Latham et al. re. "Value Capture Model" attaching American Express PowerPoint presentation titled "ES Pricing: Update for Dave House" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0665 | Email from Joe A Lall to Ronan P O'Hara et al. re. "Ken Shirtsleeves Pricing Presentation" attaching American Express PowerPoint presentation titled "The Competitive Pricing Landscape, Implications and Options: Ken Chenault Shirtsleeves: GES Global Pricing" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0728 | Email from Carrie L Hucko to TEI Leadership Team et al. re. Kim Goodman Account Review 11/5: Final Presentation, Key Action Items attaching American Express PowerPoint titled "Travel Entertainment Industries (TEI) Account Review with Kim Goodman" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0729 | Email from Ira J Kaufman to Curtis Wilson et al. re. FYI - Copy of Al Kelly BUR document attaching American Express PowerPoint Presentation titled "TEI Business Unit Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0732 | Email from Elizabeth Langwith to Steven Lakus et al. re. Hilton Growth Incentive/Official Card | File Entire Document Under Seal | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0735 | Email from Lisa C Duus to Vincent S Campana et al. re. FINAL slides for NCG attaching American Express PowerPoint presentation titled "MSA Regulatory Response Action Plan: Merchant Partnerships" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0777 | Email from Elizabeth Langwith to Lisa C. Duus et al. re: Re: Marriott update | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0817 | American Express PowerPoint presentation titled "GCG Quarterly Pricing Review: Q1 2011" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? ("If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0871 | Email from Kim C Goodman to Paul Brown et. al. re. Hilton-American express…Summary of Next Steps | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0887 | Email from Rita R Hanes to William H Glenn re. KIC SSS Executive Summaries 2005-2006 attaching American Express PowerPoint presentation titled "ES North America: KIC SSS" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0964 | Email from Ronald C Shultz to Marilyn J Bryant re. "us value recap doc for global mtg" attaching American Express PowerPoint presentation titled "ES NA Pricing: Year-End Value Recapture Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0976 | Email from Beverly M Anderson to Opeyemi O Oluwole re. "Fw: SQP-GCG" attaching American Express PowerPoint presentation titled "Global Client Group SQP Charting our Path Forward" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following  five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing,  marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0978 | Email from Gary Portuesi to TEI Hotel and Resort Group et. al. re. "Yesterday's Lodging Presentation" attaching American Express PowerPoint presentation titled "GCG Lodging Group: Industry & Positioning Overview" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX0991 | American Express PowerPoint presentation titled "December YTD 2006: Drivers of Proprietary US Card Share" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1031 | American Express PowerPoint presentation titled "CCSG Financial Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1099 | Email from Kristin Moczygemba to Beverly Anderson et al. re. GLG Decks for Ed BUR | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1111 | American Express document re "American Express Global Merchant Services" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1158 | Email from Jack Funda to Steve McCurdy re. Quarterly updates with MSA GMs attaching American Express PowerPoint presentation titled "GCG Quarterly Pricing Review: Q2 2010" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1168 | Email from Tom Pojero to Kathleen Pierce-Gilmore forwarding re. MGP Threshold Reduction to $50K | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1352 | American Express PowerPoint presentation titled "Lodging Revitalization Strategy" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1600 | American Express document re "Amex's Likely Options If The Visa and Mastercard Restrictions Remain in Effect" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1665 | Email from Pat Corbett to Kyle G Curtin et al. forwarding We are in !!! | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1667 | American Express PowerPoint presentation titled "Travel & Entertainment Industries: Business Unit Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1685 | Email from Jud Linville to Russell Martin re Hilton attaching Letter from Deiter Huckestein to Kenneth Chenault | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1687 | Amex PowerPoint presentation titled "Taking the Hilton / American Express Partnership to the Next Level" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1693 | Amex document re "Performance Management Process: Goal Setting, Development Planning, and Performance Assessment" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1731 | Interoffice correspondence from Ed Gilligan to Pam et. al. attaching Letter from Deiter Huckestein to Kenneth Chenault | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1746 | Amex excel spreadsheet titled "Q1 Cashout Analysis" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1758 | Amex PowerPoint presentation titled "Global Pricing & Revenue Management: 2010 SQP Review" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1778 | Email from Rita R Hanes to William H Glenn et. al. re Prep material, and logistics for Hilton - Paul Brown meeting tomorrow (5/6) at 4:00pm attaching Amex PowerPoint presentation titled "Hilton" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following  five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing,  marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1779 | Email from Pam A Codispoti to Matthew S Hagen re Year End attaching Amex document re "Performance Management Process Performance Assessment (Bands 45 and Above)" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information:<br>(1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;<br>(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;<br>(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;<br>(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.<br>(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1792 | American Express PowerPoint presentation titled "MSA 2011 SQP: Kim Goodman, President Merchant Services America" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1797 | Email from Maria Vazquez to Pam A. Codispoti et al. re. Please review/Changes if needed/Return signed today attaching American Express document re "Performance Management Process Exempt Year-End Performance Assessment (Bands 45 and Above)" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1810 | Email from Nikos Raleigh to Glenda McNeal et al. re. Glenda's PMP and Scorecard attaching American Express document re "Goal Setting, Development Planning, and Performance Assessment" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1826 | American Express PowerPoint presentation titled "Global Merchant Services Financial Review: December 2009 Results" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1910 | American Express Excel spreadsheet titled "CCSG Acquisition Balance Sheets - 2006-2010" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements;(2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express;(3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company;(4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex.(5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hilton | PX1911 | American Express Excel spreadsheet titled "CCSG Acquisition Vintage Profitability" | Redact | | Hilton requested that certain exhibits be filed under seal in part or in full related to the following five (5) categories of trade secrets and confidential business information: (1) HHONORS PROGRAM AND CO-BRANDING AGREEMENTS: Confidential business & marketing strategies, pricing, marketing funds negotiating positions and terms related to HHonors Program and co-branding agreements; (2) MASTER REWARDS PARTICIPANT AGREEMENTS: Confidential business & marketing strategies, pricing, negotiating positions and terms related to the Master Rewards Participant Agreement with American express; (3)HILTON'S RELATIONSHIP WITH AMEX TRAVEL RELATED SERVICES COMPANY: Confidential business and marketing strategies, pricing, marketing funds, negotiating positions and terms related to Hilton's relationship with American Express Travel Related Services Company; (4) HILTON'S LODGING WORLDWIDE CARD SERVICE AGREEMENT AND CARD ACCEPTANCE AGREEMENTS: Confidential pricing, marketing funds, negotiating positions and terms related to Hilton's Lodging Worldwide Card Service Agreement with Amex, along with Hilton's card acceptance agreements with Visa and Amex. (5) MARKETING FUNDS, MARKETING STRATEGIES & CONSUMER DATA ANALYTICS: Confidential information concerning Hilton's marketing funds, marketing strategies and use of consumer data analytics. | No Objection | |
| Home Depot | DX2253 | Home Depot-Rewards Participation Agreement | Redact | | AGREEMENTS: non-public and non-standard financial terms derived from negotiations. | No Objection | |
| Home Depot | DX2734 | E-mail from E. Dillion to J. Westheimer, W. Thompson, C. Davis, subject: Home Depot Amex Acceptance Card Agreement, attachments: American Express Card Acceptance Agreement (AMEX-DOJ-10120888) | Redact | | NON-PUBLIC FINANCIAL INFORMATION: reveals merchant discount rates negotiated with Amex. Home Depot provided a table referencing specific pages to redact. | No objection except with respect to any anti-steering provisions. | |
| Home Depot | DX2735 | Draft American Express Card Acceptance Agreement by and Home Depot U.S.A., Inc. and American Express Travel Related Services Company, Inc. | Redact | | NON-PUBLIC FINANCIAL INFORMATION: reveals charge volume required to earn rebate of interchange fees, reveals amount of marketing fund and terms of availability, and shows terms to earn rebate on interchange fees paid in prior year. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Home Depot | DX2857 | Corporate Purchasing Card Agreement by and between Home Depot U.S.A., Inc. and American Express Travel Related Services Company, Inc. | Redact | | AGREEMENTS: non-public and non-standard financial terms derived from negotiations including bonus information, renewal date, gift card awards, discount rates…etc. Home Depot provided a table referencing specific pages to redact. | No Objection | |
| Home Depot | DX3279 | Home Depot-Participation Agreement | Redact | | NON-PUBLIC FINANCIAL INFORMATION: Reveals terms under which Amex and Home Depot offered a 20% discount to Amex card members. | No Objection | |
| Home Depot | DX3579; PX0350; PX1620 | Home Depot Agreement for American Express Card Acceptance | Redact | | NON-PUBLIC FINANCIAL INFORMATION: reveals charge volume required to earn rebate of interchange fees, references amount of signing bonus needed; reveals amount of marketing fund and terms of availability, and shows terms to earn rebate on interchange fees paid in prior year. | No objection except with respect to any anti-steering provisions. | |
| Home Depot | DX4849 | Home Depot-Letter re: Agreement for American Express Card Acceptance dated November 2, 1999 between American Express Travel Related Services Company Inc. and the Home Depot Inc. Agreement for American Express Card Acceptance dated as of June 1, 2007 between American Express and Home Depot USA, Inc. | Redact | | NON-PUBLIC FINANCIAL INFORMATION: Financial terms that Home Depot has managed to negotiate with Amex and could harm subsequent negotiations with other payment card companies. This document reflects rebate formula and dollar amount of some of the rebates received by Home Depot pursuant to the CAA. | No objection except with respect to any anti-steering provisions. | |
| Home Depot | DX6997 | Presentation Slide: "Q2 YTD 2012 Cost of Acceptance by Association & Product" | Redact | | NON-PUBLIC FINANCIAL INFORMATION: itemizes dollar amounts of interchange fees, card association fees, processor fee, chargebacks, rebates, settlements, total cost of acceptance and total sales volume separately for Visa, MasterCard, Amex, and Discover divided by credit and debit for Q2 2012. | No Objection | |
| Home Depot | DX7293/PX1915 | Card Acceptance Agreement between American Express Travel Related Services Company, Inc. and Home Depot U.S.A., Inc. | Redact | | NON-PUBLIC FINANCIAL INFORMATION: reveals charge volume required to earn rebate of interchange fees, reveals amount of marketing fund and terms of availability, and shows terms to earn rebate on interchange fees paid in prior year. | No objection except with respect to any anti-steering provisions. | |
| Home Depot | PX1306; DX6996 | Chart: The Home Depot Payments overview | Redact | | NON-PUBLIC FINANCIAL INFORMATION: spreadsheet shows the breakdown of Home Depot sales among Visa, MasterCard, Amex, Discover, and all others by percentage of sales, dollar amount of sales and umber of transactions, for each year from 2009 to 2011. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hy-Vee | DX0851 | E-mail from J. Briggs to K. Reeve re: FW: Agreement for American Express Card Acceptance and Marketing Amendment (attaching: Hyvee Marketing doc - HYEAMX00037977; Hyvee Agreement - HYEAMX00037979) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX0855 | E-mail from J. Briggs to J. Meyer re: FW: Agreement for American Express Card Acceptance and Marketing Amendment (attaching: Hyvee Marketing doc - HYEAMXED00037965; Hyvee Agreement - HYEAMXED00037967) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX0859 | E-mail from J. Briggs to K. Reeve re: FW: Blacklined Agreement (attaching: Hy-Vee CAA [Draft] - HYEAMXED00037954) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX0871 | Hy-Vee Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX0872 | Hy-Vee Amendment to Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX1018 | Value Analysis: "Value Your Customers" [web-page: accessed 04/05/2003] | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX1623 | E-mail from J. Briggs to L. Smith re: FW: Store Directors Presentation (attaching: Sept. 24 Presentation - HYEAMXED00038061) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX1651 | Memorandum from J. Briggs re: American Express Agreement Changes | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX2410 | E-mail from M. Welch to L. Smith re: Amex/HyVee Conf Call Today, March 21st @1:00 CST (attaching: presentation - HYEAMX00000466) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX2563 | Hy-Vee spreadsheet showing average ticket | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX3033 | E-mail from M. Skokan re: RE: Credit Card Charges | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX4820 | American Express Presentation: Supermarket Growth Incentive Program Overview: Hy-Vee Foods | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | DX5572 | E-mail from M. Skokan re: Re: Supermarket Growth Incentive Program | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | PX2402 | Agreement for American Express Card Acceptance/Supermarket between American Express and Hy-Vee, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Hy-Vee | PX2403 | Agreement for American Express Card Acceptance/Supermarket between American Express and Hy-Vee, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Hy-Vee | PX2404 | Agreement for American Express Card Acceptance/Supermarket between American Express and Hy-Vee, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| IKEA | DX4432 | Discover Review - April 1 Setting  (attaching numerous letters between Discover and Ikea re the merchant discount rate) | Redact | | CORRESPONDENCE & DATA RELATED TO MERCHANT AGREEMENTS: financial and other data relating to several executed IKEA merchant agreements. IKEA seeks redaction of confidential, negotiated pricing points between IKEA and payment card network suppliers. | No Objection | |
| IKEA | DX6371 | IKEA Monthly Snapshot Sales Activity - FY2009-2012 | Redact | | CORRESPONDENCE & DATA RELATED TO MERCHANT AGREEMENTS: financial and other data relating to several executed IKEA merchant agreements. IKEA seeks redaction of confidential, negotiated pricing points between IKEA and payment card network suppliers. | No Objection | |
| IKEA | PX1307 | IKEA excel spreadsheet titled "Debit and Credit Card Follow Up" | Redact | | TRANSACTIONAL RETAIL DATA- spreadsheet summarizing the pricing, costs, fees and revenues for IKEA U.S. fiscal year 2012 of each payment method used by IKEA customers. | No Objection | |
| Jetblue | DX0541 | Jetblue Airways-Flexible Cooperative Marketing Program Addendum to the Terms and Conditions for Worldwide Acceptance of the American Express Card by Airlines | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX0543 | Jetblue Airways-Terms and Conditions for Worldwide Acceptance of the American Express Card by Airlines | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX0660 | Jetblue Airways-Amendment to Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | DX0768 | Jetblue Airways-Amendment to Business Insights Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX1943 | Jetblue Airways-Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX2199 | Jetblue Airways-Marketing Program Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX2236 | Jetblue Airways-Airline Cooperative Marketing Program Addendum | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX2534 | Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | DX2535 | Jetblue Airways-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | DX3193 | Jetblue Airways-Data Use Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX3348 | Jetblue Airways-Airline Cooperative Marketing Program Addendum | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX3553 | Jetblue Airways-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX3714 | Jetblue Airways-Amendment to the Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | DX3748 | Jetblue Airways-American Express WishList Program Supplier Agreement Holiday 2007 | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX3772 | Jetblue Airways-American Express My WishList Program Supplier Agreement Holiday 2007 | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4139 | Jetblue Airways-Supplement to the Airline Cooperative Marketing Program Addendum | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4215 | Jetblue Airways-Supplement to the Airline Cooperative Marketing Program Addendum | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX4595 | Jetblue Airways-Letter Supplement to the Agreement for American Express Card Acceptance between JetBlue Airways Corporation and American Express | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | DX4621 | Jetblue Airways-Marketing Program Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4753 | Jetblue Airways-Amendment | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4809 | Membership Rewards Program Airline Redemption Participant Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4838 | Jetblue Airways-American Express Participation Agreement Daily Wish Program | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX4852 | Jetblue Airways-Letter Supplement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4902 | Document has been removed from Amex exhibit list. | Document has been removed from Amex exhibit list. | | Document has been removed from Amex exhibit list. | Document has been removed from the Amex exhibit list. | Document has been removed from Amex exhibit list. |
| Jetblue | DX4906 | Jetblue Airways-Supplement to the Airline Cooperative Marketing Program Addendum | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4909 | Jetblue Airways-Business Insights Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX4913 | Amended and Restated Jetblue Airways American Express Co-branded Credit Card Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | DX5101 | Jetblue Airways-Exhibit A: Election Form | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX5133 | Jetblue Airways-Business Insights Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX5215 | Jetblue Airways-Marketing Program Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX5573 | Agreement between Jetblue and Cenveo | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |
| Jetblue | DX5695 | Jetblue Airways-Merchant Bonus Points Program Agreement | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Jetblue | PX0269 | Terms and Conditions for Worldwide Acceptance of the American Express Card by Airlines between JetBlue Airways Corporation and American Express | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | PX0320 | Amendment to Agreement for American Express Card Acceptance between American Express and JetBlue Airways Corporation | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | PX0329 | Agreement for American Express Card Acceptance between American Express and JetBlue Airways | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | PX0590 | Amendment to the Agreement for American Express ® Card Acceptance between American Express Travel Related Services Company, Inc. and JetBlue Airways Corporation | File Entire Document Under Seal | | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No objection except with respect to any anti-steering provisions. | |
| Jetblue | PX0591 | Amended and Restated JetBlue Airways ® American Express ® Co-Branded Credit Card Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | AGREEMENTS: JetBlue objects to the public disclosure of agreements between JetBlue and Amex that have been designated for use at trial. The agreements contain detailed costing information and business terms. JetBlue's effective discount rate is a key component of JetBlue's cost. Other sensitive commercial terms include marketing funds and terms that have changed over years pursuant to confidential negotiations between the parties. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Juniper | PX0601 | American Express Card Issuer Agreement between American Express Travel Related Services, Inc. and Juniper Bank | File Entire Document Under Seal | Y. GNS Agreement | AMEX CARD ISSUER AGREEMENT: Card issuer agreements are heavily negotiated. They contain highly sensitive economic information of Juniper's, including fees and assessments, that qualifies as highly confidential discovery material and should be protected from public disclosure. | No Objection | |
| Kroger | DX1068 | Letter from S. Giusto to S. Henderson re: changes in Amex pricing for the Supermarket industry | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1143 | Letter from S. Giusto to M. Schlotman re: Introduction re: SRG's management of Kroger relationship with American Express | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1158 | Memorandum from S. Henderson re: Feedback on American Express | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1162 | Marked Up Letter Notification of Changes to Kroger-Amex pricing made by S. Henderson to S. Samoy | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1181 | E-mail from S. Samoy to S. Henderson re: Kroger contract: Card Acceptance Procedures | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1183 | Letter from S. Henderson re: New American Express Contract, attaching mark-up of CAA | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1349 | Letter of Intent (attaching presentation: Summary Business Plan for dunnhumby USA - KRGAMX01008238) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1356 | Kroger Card Acceptance Agreement (2003) (NB: Bates number is MDL 1720 version.) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1358 | Kroger, Second Amendment to Agreement for American Express Card Acceptance | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1359 | Card Acceptance Agreement between Kroger and American Express | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1365 | E-mail from S. Henderson to R. McMullen, et al. re: American Express Contract | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1900 | E-mail from S. Samoy to S. Henderson, K. Hanna re: Fixed Term Guarantee | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX1916 | Amendment to American Express Card Acceptance Agreement with The Kroger Co, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Kroger | DX1970 | E-mail from E. Anthony to K. Hanna, S. McKinney, and R. Gibb re: American Express - Fry's ExpressPay expansion (materials for discussion) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX2362 | E-mail from R. McMullen to S. Henderson re: American Express Contract Extension | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX2755 | The Kroger Co-Letter Amendment RE American Express Card Acceptance at U.S. Oil Establishments Third Amendment to Agreement for American Express Card Acceptance | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX4124 | American Express Fact Sheet | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX4863 | Letter from K. Goodman to K. Hanna re: Modification of Cash Back Allowance Program | Redact | | Reflects financial terms of current agreement | No Objection | |
| Kroger | DX5588 | E-mail from A. Wagner to K. Hanna (CC: C. Engleman): "GIP Payment and rate reduction" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Link2Gov | DX1251 | Link2Gov.Com Inc-Agreement for American Express Card Acceptance Link2Gov (On behalf of the internal revenue service) | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of bates-stamped pages AMEXNDR06781349, AMEXNDR06781350, AMEXNDR06781353, AMEXNDR06781354, and AMEXNDR06781355 need to be redacted. | No objection except with respect to any anti-steering provisions. | |
| Link2Gov | DX1662 | Link2Gov.Com Inc-Agreement for American Express Card Acceptance Link2Gov | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped pages AMEXNDR06781333, AMEXNDR06781335, AMEXNDR06781339, and AMEXNDR06781340 need to be redacted. | No objection except with respect to any anti-steering provisions. | |
| Link2Gov | DX3702 | Link2Gov.Com Inc-Terms and Conditions for Participation Agreement | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped page AMEXNDR06781345 needs to be redacted. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Link2Gov | DX3703 | Link2Gov.Com Inc-Terms and Conditions | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped page AMEXNDR07648129 needs to be redacted. | No Objection | |
| Link2Gov | DX3978 | Mtavante Technologies (parent of Link2Gov)-Schedule D: Special Terms and Conditions | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped pages AMEXNDR06781362, AMEXNDR06781363, and AMEXNDR06781365 need to be redacted. | No Objection | |
| Link2Gov | DX5425 | Link2Gov.Com Inc-Agreement for American Express Card Acceptance | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped pages AMEXNDR07648102, AMEXNDR07648106, AMEXNDR07648107, AMEXNDR0764115, AMEXNDR07648116, AMEXNDR07648120 and AMEXNDR07648122 need to be redacted. | No objection except with respect to any anti-steering provisions. | |
| Link2Gov | DX6702 | Link2Gov.Com Inc-Marketing Amendment to Agreement for American Express Card Acceptance | Redact | | AGREEMENTS: Agreements referencing and/or reflecting proposed or actual pricing and financial terms are competitively sensitive and proprietary in nature between Amex and Link2Gov. Redact pricing/financial, liability and indemnity terms. Certain portions of Bates-stamped page AMEXNDR06781346 needs to be redacted. | No Objection | |
| LQ Management | DX4534 | American Express Program Participation Form (Chevron/La Quinta Promotion) | Redact | | AMEX PROGRAM PARTICIPATION FORM AGREEMENTS & RELATED DOCUMENTS: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| LQ Management | DX4999 | Lodging Worldwide Card Service Agreement | Redact | | LODGING WORLDWIDE CARD SERVICE AGREEMENTS & RELATED DOCUMENTS: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No objection except with respect to any anti-steering provisions. | |
| LQ Management | DX5030 | Lq Management (Global) (Aka Laquinta Hotels)-Lodging Licensee card Service Agreement for Properties Located in the United States | Redact | | LQ MANAGEMENT (GLOBAL) (AKA LaQUINTA HOTELS) LODGING LICENSE CARD SERVICE AGREEMENTS & RELATED DOCUMENTS: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No objection except with respect to any anti-steering provisions. | |
| LQ Management | DX5031 | Lq Management (Global) (Aka Laquinta Hotels)-Lodging Licensee card Service Agreement for Properties Located Outside the United States | Redact | | LQ MANAGEMENT (GLOBAL) (AKA LaQUINTA HOTELS) LODGING LICENSE CARD SERVICE AGREEMENTS & RELATED DOCUMENTS: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No objection except with respect to any anti-steering provisions. | |
| LQ Management | PX1251 | American Express Program Participation Form between Chevron Products Company and American Express | Redact | | AMEX PROGRAM PARTICIPATION FORM AGREEMENTS & RELATED DOCUMENTS: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| LQ Management | PX1662 | Email from Lisa C Campagne to Glenda McNeal et al. re. Two exciting updates: La Quinta CSA & Choice/Dunkin promotion | Redact | | INTERNAL AMEX EMAIL: reflecting: pricing & financial terms, specific discount rate paid by LQ to Amex, annual card volume related to Amex and any other credit card company; marketing funds allocated between Amex and LQ, any substantive discussion of how LQ uses marketing funds/programs, and the terms for any "tripartite promotional campaign" between Amex, LQ and Chevron. | No Objection | |
| LQ Management | PX1927 | LaQuinta document re "UATP Sales" | File Entire Document Under Seal | Y. Non-Public Financial Information | SALES VOLUME & TRANSACTION COUNTY BY CARD: The document was designated "highly confidential" under the protective order. It lists LQ's total sales by credit card for the time period October 2011 through September 2012. The sales are categorized by type of credit card and the document lists the percentage of total sales for each card, the number of transactions for each card, and the average ticket price for each transaction. | No Objection | |
| Mastercard | DX2864 | MasterCard-US Acquiring Volume-2006 | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard. STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX3201 | (MasterCard, "Update – Staples, Inc. 2007–2009 MIF," memorandum | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard. STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX3683 | Memorandum "Petroleum Segment Opportunity" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard. STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | DX4628 | MasterCard Worldwide, "Converging Pressures within the Payments Industry – A U.S. Card Payments Perspective" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4657 | MasterCard Worldwide, 2009 US Region Interchange 101 | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4689 | MasterCard: "Converging Pressures within the Payments Industry - A U.S. Card Payments Perspective - UPDATE" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4752 | Robert Selander, "Project Refresh and Scenario Planning Update," MasterCard Incorporated | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4818 | MasterCard Deck: "US Interchange Domain Knowledge" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | DX4959 | MasterCard, "Acceptance & Network Architecture," presentation | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4960 | 2010 MasterCard Proprietary and Confidential Summary | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4961 | MasterCard, "Competing to Win: Raising Our Game. 2010 Leadership Meeting," presentation | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX4989 | "Competitive Overview: Consumer Credit – MasterCard Worldwide" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX5001 | "Card Branding Strategy" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | DX5175 | MasterCard Deck: "US Markets Strategy - Board of Directors" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX5450 | E-mail from George Zilvetti to David Clarke | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX5723 | "Consumer-led Strategy Global Segmentation and Value Proposition Development" Deck | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX5767 | MasterCard Worldwide Marketing and Core Products Deck: Consumer-Let Strategy - Board of Directors Meeting | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX6072 | MasterCard-US Market Development: Top 200 Merchant Reporting (including PIN Debit) - March 2012 | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | DX7238 | Operating Committee Global Priorities Business Plan: Strategy Summit 2 Deliverable | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX7239 | Memorandum from N. Biornstad and F. Mautone to G. Forsey, re:  MIF Request for Funding Support for Virtuoso | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX7241 | Email from N. Biornstad to E. Ward and T. Sharkey, re: Travelocity | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | DX7242 | Letter from F. Gore to P. Nelson, re:  Joint Marketing Agreement between Travelocity and MasterCard Incorporated | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1313 | Email from Nina Biornstad to Gareth Forsey et. al. re. "Travelocity MIF Draft" attaching MasterCard memorandum re "MIF Renewal Request for Travelocity" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | PX1314 | Email from Ruth Ann Marshall to Gareth Forsey et. al. re. "Re: Fw: Travelocity" attaching MasterCard memorandum re "MIF Renewal Request for Travelocity" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1315 | Email from Denis Bouchard to Steve Carnevale et. al. re. "Fw: Revised Carnival MIF" attaching MasterCard memorandum re "Carnival Cruise Line Funding Request" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1317 | Email from Nina Biornstad to T.J. Sharkey et. al. re. "Re: Continental" attaching MasterCard document re "Term Sheet-2005 Continental/MasterCard Holiday Promotion", MasterCard excel spreadsheet titled "Continental Data: Past December Promotions" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1318 | Email from Nina Biornstad to T.J. Sharkey et. al. re. "TLVY Negotiations" attaching MasterCard document re "MasterCard Partnership Proposal", MasterCard PowerPoint presentation titled "Travelocity: MasterCard" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1321 | MasterCard memorandum re "Revised MIF Request-Renewal of Blockbuster Strategic Alliance Agreement" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | PX1323 | MasterCard memorandum re "The Mark Travel Corporation" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.  STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1325 | Email from Fred Gore to Nina Biornstad et. al. re. "Re: Travelocity" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1326 | Email from Fred Gore to T.J. Sharkey et. al. forwarding "Vcom MIF-submitted for your approval" attaching MasterCard memorandum re "Request for Funding (MIF) -- Vacation.com" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.  STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1929 | MasterCard memorandum re "Request for Funding (MIF) -- Cendant (rev #1) | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.  STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1931 | MasterCard excel spreadsheet titled untitled | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.  STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Mastercard | PX1932 | Email from Nina Biornstad to Gareth Forsey re. "Re: Fw: Virtuoso MIF" attaching MasterCard memorandum re "MIF Request for Funding Support for Virtuoso", MasterCard memorandum re "MIF Request for Funding Support for Virtuoso" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1934 | MasterCard PowerPoint presentation titled "Petroleum Market Opportunity--Draft" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1936 | MasterCard memorandum re "MIF Request for Incremental Program-KSL Resorts" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Mastercard | PX1938 | MasterCard document re "Promotional History with MasterCard" | Redact | | MARKETING INITIATIVES: emails, memoranda or contracts referencing or reflecting proposed or actual marketing initiatives between MasterCard and various merchants for the purpose of promoting MasterCard.<br><br>STRATEGY DOCUMENTS: analyses, discussions, and initiatives reflecting or referring to MasterCard's strategy and plans regarding a variety of areas of MasterCard's business. | No Objection | |
| Meijer | DX0142 | Card Acceptance Agreement between Meijer, Inc. and Discover Card Services, Inc. | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Meijer | DX0497 | Meijer Agreement for American Express Card Acceptance/Supermarket | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Meijer | DX0679 | Meijer "Card Share Comparison" document | Redact | | CONFIDENTIAL SALES INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Meijer | DX1932 | E-mail form J. Powers to H. Billing, J. Walsh, re: Amex Analysis (Attaching: Impact ot Pretax Profit Eliminating American Express Payment - MEI-018975) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX2039 | E-mail from D. Webb to M. Steffler, re: ASE Ideas | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES INFORMATION / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX2338 | E-mail from J. Walsh to K. Carey re: Amex-Meijer Agreement Framework | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX2401 | Meijer-Credit Card Statistics Chart | Redact | | CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX2446 | Ammendment to American Express Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Meijer | DX2622 | Supplemental to Agreement for American Express Card Acceptance between American Express and Meijer | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Meijer | DX2683 | E-mail from C. Allard to R. Kowalski, subject: FW: AMEX Contract, attachment: Meijer Expresspay Agreement -10-05.DOC (MEIJER-00186939) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| Meijer | DX2778 | E-mail from M. Steffler to B. Horsford and M Ross re: Discover rate increase | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX2781 | E-mail from M. Steffler to M. Ross, subject: FW: Discover Separate Merchant Code | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX2783 | E-mail from M. Steffler to C. Allard re: Discover Separate Merchant Code | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX2793 | E-mail from C. Allard to M. Ross, B. Horsford and M. Steffler Re: Card Share Comparison Chart (attaching Meijer "Card Share Comparison" document) | Redact | | CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX2892 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX2930 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Meijer | DX2932 | E-mail from C. Allard to M. Steffler and C. Busk, subject: Visa Conference Call, attachments: Visa Mtg Recap.doc (MEIJER-00355962), Visa April 06 Increase MPS report.xls (MEIJER-0355957) | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX3166 | Wright Express: Charge Card Acceptance Agreement | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| Meijer | DX3205 | E-mail from G. VanNoller to C. Allard, M. Steffler, re: July 2006 Wegmans Meeting (Attaching: Meeting Deck - MEiJER-00264261 | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3246 | E-mails between D. Webb and J. Walsh, Re: Two Items on Your Desk (attaching MEI-030849: Meijer Community Reward Program: Proposed Model Revision document) | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3271 | E-mail from J. Walsh to M. Murray, re: Credit Cards | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3289 | E-mail from J. Walsh to D. Webb, re: Interchange Presentation | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3297 | E-mail from C. Allard to M. Steffler, re: Rebates Factored Into Interchange Rates on Presentation | Redact | | MERCHANT FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3298 | E-mail from M. Steffler, to J. Walks, D. Webb, re: Interchange Presentaiton Enhancements (Attaching: Interchagne Overview Deck/XLS - MEIJER-00671524) | Redact | | CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS STRATEGY | No Objection | |
| Meijer | DX3309 | E-mail from C. Allard to P. Bigorowski re: MasterCard International Promotion Agreement (attaching Meijer and Mastercard Co-branding Agreement) | Redact | Y. Co-Brand Agreement | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | Document Filed Under Seal In Entirety Per Court Order | |
| Meijer | DX3414 | Meijer Financial Services Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3415 | Meijer Finanial Services: Prepaid Debit Card Project Overview | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3749 | E-mail from M. Ross to B. Horsford, et al., re: Meijer Gas/Cash Over | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Meijer | DX3779 | Letter from M. Steffler and M. Ross to M. Krinsky concerning the Meijer Finance Discover Card agreement. | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| Meijer | DX3841 | Meijer Deck, "2008 Sales Improvement Concepts" | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX3869 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX3959 | E-mail from M. Ross to JK. Symancyk, subject: FW: Meijer Buck Coupon Expense and GE Participation Income, attachment: Meijer Buck Expense and GE Participation Income.doc (MEIJER_AMEX_0326432) | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX3986 | E-mail from M. Steffler to M. Ross, re: Discover Household and Interchange Impact Information (Attaching: Discover Household and Interchange Analysis - MEIJER_AMEX_0978089) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX4418 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX4766 | E-mail from M. Steffler to K. Janssen and C. Allard re: bps | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX4821 | Amended and Restated Consumer Revolving Credit Card Program Agreement - Meijer & GE Money Bank | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| Meijer | DX4860 | E-mail from C. Allard to N. Dunn re: Debit and Credit Fee Summary (attaching Meijer Document: Debit and Credit Fee Summary and Spreadsheet: "Electronic Sales and Interchange History") | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX4988 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX5206 | E-mail form C. Allard to M. Steffler, re: Discover Revised Deck (Attaching: Discover Comparison 6.15.10 - MEIJER_AMEX_1074099) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND MARGIN INFORMATION | No Objection | |
| Meijer | DX5268 | 2010 letter from Meijer to Discover stating that "Discover has exploited its monopoly power, created and perpetuated by its anti-competitive steering rules, to charge retail merchants supracompetitive monopoly prices for its payment card services." | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE / CONFIDENTIAL SALES INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Meijer | DX5269 | Meijer Legal Department Memo | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX5270 | Letter from J. Kelly to K. Corley | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES INFORMATION | No Objection | |
| Meijer | DX5531 | Merchant Billing Statement from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX6114 | "Meijer Presentation: Initiative: Mastercard: Free Shipping on Orders $75 +" | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND MARGIN INFORMATION | No Objection | |
| Meijer | DX7036 | Meijer: "10% Day Analytics" | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX7037 | E-mail attaching Meijer "Rebrand and Re-Launch Of Meijer Credit Program" | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Meijer | DX7046 | "Meijer Credit Card Gasoline Discount Pilot Results" | Redact | | CONFIDENTIAL BUSINESS PRACTICE /CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX7047 | Powerpoint Presentation titled: Meijer Platinum Mastercard: Benefits & Rewards | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX7048 | Presentation: Meijers payment card overview | Redact | | CONFIDENTIAL BUSINESS PRACTICE / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX7049 | Invoice from Fifth Third Processing Solutions to Meijer, Inc. | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Meijer | DX7051 | Meijer, "Transactional data", data | Redact | | CONFIDENTIAL SALES, COST AND MARGIN INFORMATION<br><br>Meijer additionally requests that the Court order that they be notified and be able to respond to any proposed use of this document (MEIJER_AMEX_1199042 (DX7051)). | No Objection | |
| Office Depot | DX7554 | Analysis of Credit Card Revenue and Associated Fees | Redact | | NON PUBLIC FINANCIAL DATA | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Office Depot | PX1334 | Office Depot document re untitled | Redact | | FINANCIAL DATA: Office Max chart containing detailed, highly sensitive financial data for 2009 to 2012. It states the "tender fees" that Office Max paid to several credit card companies including Amex and Discover. The tender fees are results of extensive negotiations. This document also reflects sensitive data about Office Max's "private label" credit cards. Office Max requests that all data on this exhibit concerning 2011 and later be filed under seal. | No Objection | |
| OfficeMax | PX1336 | OfficeMax document re untitled | Redact | | FINANCIAL DATA: Office Max chart containing detailed, highly sensitive financial data for 2007 to 2012. It displays data on Gross Sales, Number of Transactions, Average Ticket Sales, Card Present Rates, Card Not Present Rates, and amounts received from the "American Express Strategic Investment Fund ("SIF"). Office Max requests that all data on this exhibit concerning 2011 and later be filed under seal. | No Objection | |
| Official Payments | DX7272 | "Tier Presentation: Durbin/DOJ Work Plan" | Redact | | PATENT AND BUSINESS STRATEGY INFORMATION: Official payments respectfully requests that the Court seal pages OPC00000077 to OPC00000082. Official Payments kept this information confidential to preserve its competitive position in the electronic bill payments industry and therefore requires any party that initiates an oral disclosure or visual display of the excerpts to take action to ensure the confidentiality and non-disclosure of those excerpts. | No Objection | |
| PayPal | DX3378 | Power Point: Network Presentation--Ken Chenault | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | DX4419 | "On the Card 2008 Campaigns: Preliminary Results" deck | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| PayPal | DX6639 | Dell: Deep Dive and Neogtiation Strategy | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0239 | Email from Aliya A Bokhari to Glenda McNeal et al. forwarding PayPal Mark CAA, Pro Term Sheet and AXP Proposal- faxing to your home fax attaching Worldwide Agreement for American Express Card Acceptance for PayPal as Payment Service Provider between American Express and PayPal, Inc. | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |
| PayPal | PX0375 | Email from Aliya A. Bokhari to Danielle M. Birriel et al. re. PayPal | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0379 | Email from Phillip H. Hsia to Aliya A. Bokhari re. URGENT--PayPal Rollout Risk | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss:(1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS(2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0398 | Email from McNeal, Glenda to Bokhari, Aliya A. re. PP - more focus on message for BG | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0480 | American Express PowerPoint presentation titled "North America Establishment Services & Global Network Financial Review: June 2007 Results" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0562 | Email from Ruth Aloni to Alison Nicoll et al. re. "PP Mark Agreement - EXECUTION VERSION" attaching Worldwide Agreement for American Express Card Acceptance for PayPal as Payment Service Provider between American Express Travel Related Services Company, Inc. and PayPal, Inc. | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| PayPal | PX0566 | Email from Aliya A Bokhari to Glenda McNeal et al. forwarding "AXP/PP Mark Agreement Redline" attaching Worldwide Agreement for American Express ® Card Acceptance for Paypal as Payment Service Provider between American Express Travel Related Services Company, Inc. and PayPal, Inc. | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |
| PayPal | PX0568 | Email from Alison Nicoll to Aliya A Bokhari et al. re. "Revised Mark Agreement" attaching Worldwide Agreement for American Express ® Card Acceptance for Paypal as Payment Service Provider between American Express Travel Related Services Company, Inc. and PayPal Inc. | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |
| PayPal | PX0571 | Worldwide Agreement for American Express ® Card Acceptance for PayPal as Payment Service Provider between American Express Travel Related Services Company, Inc. and PayPal, Inc. | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |
| PayPal | PX0698 | Email from Regina W Lau to Jessica S Lieberman et al. re. "PayPal Deck - review with Paul Hough" attaching American Express PowerPoint presentation titled "PayPal Economics: Review with Paul Hough" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss:(1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS(2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0835 | Email from Glenda McNeal to Paul Abbott et. al. re. PayPal negotiation & MCCY | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0838 | Email from Glenda McNeal to Kim C Goodman et. al. re. Update on PayPal and Dell attaching American Express PowerPoint presentation titled "PayPal Negotiation Update" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0856 | Email from Aliya A Bokhari to Glenda McNeal re. Re: PP docs attaching American Express PowerPoint presentation titled "PayPal Documentation" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| PayPal | PX0884 | Email from Glenda McNeal to William H Glenn et. al. re. Fw: Fw: PayPal - Background, Recommendation & Key Messages - 7.6 Call attaching American Express document re "Call with Scott Thompson, PayPal: Mark Contract Issue - Section 2c" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0889 | Email from Glenda McNeal to William H Glenn re. Re: PayPal update | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0891 | Email from Kim C Goodman to Glenda McNeal et. al. re Re: PayPal -Talking Points DRAFT | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0912 | Email from David S Bonalle to William H Glenn et. al. re. PayPal Refresher attaching American Express PowerPoint presentation titled "PayPal CSA Negotiation: AXP Internal View" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No objection except with respect to any anti-steering provisions. | |
| PayPal | PX0943 | Email from Glenda McNeal to Kim C Goodman et. al. re. PayPal update | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss: (1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS (2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| PayPal | PX0946 | Email from Kyle G Curtin to Greg J Tobias et. al. forwarding Re: Link attaching American Express PowerPoint presentation titled "PayPal: Overview Document for Workshop" | Redact | | PayPal seeks to seal documents in whole or in part that reflect or discuss:(1) NEGOTIATIONS OF CURRENT OR FORMER AGREEMENTS(2) KEY TERMS IN PAYPAL/AMEX AGREEMENTS | No Objection | |
| Publix | DX0413 | Publix Notes on meeting with Amex | Redact | | CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX0598 | Letter from R. Loeffler to S. Woods, subject: Publix/American Express Agreement and Amendment, attachments: Agreement for American Express Card Acceptance/Supermarket (PUB-CC-000073) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Publix | DX1844 | E-mail from S. Woods to D. Phillips and C. Coward re: 1.90% discount rate | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Publix | DX1846 | E-mail from S. Woods to C. Coward re: 1.90% discount rate | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| Publix | DX2794 | Detailed Lane Report | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| Publix | DX2865 | Presto! Network Definition Overview | Redact | | CONFIDENTIAL BUSINESS PRACTICE | No Objection | |
| Publix | DX3587 | E-mail from R. Roberts to S. Woods re: FW: Interchange Update | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX3600 | E-mail from C. Coward to S. Woods, D. Phillips, and D. Myers, subject: Discover fees | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE | No Objection | |
| Publix | DX4493 | Letter from K. Goodman to Publix Super Markets, Inc., re: Merchant Pricing: Supermarket Industry | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT/ CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5234 | E-mail from E. Gallucci to M. Dellagrotta, R. Willis, re: FW: Transaction Discount for PIN-based debit | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5236 | E-mail from A. Lorenz to C. Brabbs, E. Gallucci, re: RE: Transaction Discount for PIN-based debit | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5399 | Breakdown on Sales by Tender Type | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5411 | E-mail from A. Ebeling to C. Underwood, D. Myers et al., re: RE: John Snapp's Tender breakdown by basket size | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5442 | E-mail from E. Gallucci to A. Ebeling, re: RE: 11/17 Credit Card Incentive notes (attaching: Incentives for Credit Alternatives v4 with IS Hours.xls) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5692 | E-mail from D. Karcher to K. Beringer (CC: M. Olivieer, D. Karcher) RE: Gift Card Promotion Question and Opportunity | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5714 | E-mail from D. Howard on behalf of D. Phillips to C. Coward, subject: FW: Merchant Payments Network Funding approval | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Publix | DX5717 | E-mail from S. Estep to D. Phillips, subject: FW: Merchant Payments Network Funding approval | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Publix | DX7069 | Publix, "Transactional data", data | Redact | | CONFIDENTIAL BUSINESS ANALYSIS/ CONFIDENTIAL SALES AND COST INFORMATION<br><br>Publix additionally requests that they be notified and be able to respond to any proposed use of this document (PUB_AMEX_0182354(DX7069)). | No Objection | |
| RALEY'S | DX2573 | Gift Card Sales Agreement between American Express and Raley's | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RALEY'S | DX4833 | Letter from S. Wachsstock to T. Dinin, attaching: Notice of Modification of Cash Back Allowance Program | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | | |
| RALEY'S | DX3286 | E-mail from R. Rae to J. Bane re: EFT Presentation to ELT 102006; (attaching presentation: EFT (Debit & Credit) Sales and Costs RALEYS020072859) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT /CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| RALEY'S | DX3505 | Supplement to Gift Card Sales Agreement between Amex and Raley's | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RALEY'S | DX3506 | Letter from W. Glenn to American Express Merchant re: Merchant Pricing: Supermarket Industry USA | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RALEY'S | DX3540 | E-mail from K. Younger to G. Wong, Re: DW Tender info | Redact | | CONFIDENTIAL BUSINESS PRACTICE | No Objection | |
| RALEY'S | DX3963 | E-mail from R. Patterson to M. Patterson re: RE: FMI Today (forwarding: Article - The Credit-Card Fee Market Isn't Working) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| RALEY'S | DX3966 | E-mail from B. Anderson to M. Teel, subject: Food Source Financials, attachments: Food Source-Profit & Loss - Summary.xls (RALEYS_AMEX_081445; Food Source - Profit & Loss - Detail.xls (RALEYS_AMEX_081446) | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT/ CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| RALEY'S | DX4610 | E-mail from A. Goel re: RE: Payment Costs Organization Review (attaching presentation: Raley's Final Report Review - RALEYS_AMEX_112759) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| RALEY'S | DX4686 | Presentation: Raley's - Thursday July 30, 2009 | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT / CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES INFORMATION | No Objection | |
| RALEY'S | DX4783 | E-mail from L. Hawkins to R. Patterson re: RE: Amex (attaching: Tender Types by Banner - RALEYS_AMEX_127265) | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| RALEY'S | DX4867 | Letter from S. Wachsstock to T. Dinin re: recent modifications to Cash Back Allowance Program | Redact | | MATERIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RALEY'S | DX5547 | Presentation: Raley's Business Review | Redact | | CONFIDENTIAL BUSINESS ANALYSIS / CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| RALEY'S | DX5616 | E-mail from  T. Dinin to K. Mueller re: Visa Co-brand Opportunity | Redact | | CONFIDENTIAL BUSINESS PRACTICE AND ANALYSIS | Document Filed Under Seal In Entirety Per Court Order | |
| RALEY'S | DX7076 | Spreadsheet: "EFT Tender Volumes, Fees and % of Volume - Date Range: 10/01/2008 to 09/30/2009" | Redact | | CONFIDENTIAL SALES AND COST INFORMATION | No Objection | |
| RITE AID | DX2328 | Rite Aid Credit and Deibt Card Fee FY06 Plan Review (Deck) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2352 | Pyament Committee Minutes | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2368 | E-mail from L. Ebel to M. Schroeder, re: Amex Evaluation for Signing Bonus (attaching: Amex Evaluation for Signing Bonus - RA-E01159871) | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2386 | E-mail from M. Schroeder to L. Ebel, re: Amex | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2411 | Payment Committee Meeting MInutes | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2611 | Rite Aid CAA | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| RITE AID | DX2613 | Amex Presentation "Hy-Vee Relationship Discussion" | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX2614 | Rite Aid Memorandum from L. Ebel to K. Twoney, re: Credit Card and Interchange Fee Update | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX4728 | P06 FY11 Payment Reports-Print Copy.xlsl | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| RITE AID | DX7071 | Spreadsheet: "Revenue Acctg Payment Metrics" Report | Redact | | MATERIAL FINANCIAL TERMS OF CARD ACCEPTANCE AGREEMENT | No Objection | |
| Safeway | DX0922 | Safeway Inc-Agreement for American Express Card Acceptance/Supermarket | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX0941 | E-mail from K. Shachmut to D. Stern, D. Stokely re: Plan 2002 - American Express Credits | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Safeway | DX1821 | Safeway Inc-Amendment to American Express Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1874 | Letter from K. Shachmut to G. Lloyd re: amendment of current Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1922 | Amex presentation: American Express - 10 Year Analysis | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1948 | American Express - 10 Year Analysis (Separate Rate for Fuel) (deck) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1957 | E-mail from K. Shachmut to D. Stern, et al. re: Fuel Projections | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1965 | Presentation: American Express - 4 Year Analysis; Store Rate = 1.60%, Fuel Rate = 2.25% | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX1968 | E-mail from K. Shachmut to L. Raya, M. Minasi re: Accepting American Express in Safeway Banner Stores | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2029 | Safeway Inc-Supplement Agreement Between American Express Travel Related Services Company, Inc. and Safeway, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2030 | Safeway Inc-Supplemental Agreement Between American Express Travel Related Services Company, Inc. and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2032 | Agreement between American Express Travel Related Services Company, Inc. and Safeway, Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2033 | Safeway Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2034 | Safeway Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2035 | Safeway Supplemental Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX2550 | Amendment to Card Acceptance between American Express and Safeway | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3067 | E-mail from D. Stokely to M. Plaisance, B. Fox re: RE: Need advice | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3068 | E-mail from B. Fox to D. Stokely, M. Plaisance re: Need Advice | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3071 | E-mail from D. Stokely to M. Plaisance, B. Fox re: RE: Need advice | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Safeway | DX3094 | E-mail from D. Stokely to R. Edwards re: AMERICAN EXPRESS HISTORY AT SAFEWAY (attaching: Amex Transactions by Fuel Grade - SFWAMXED03549358; Amex Rates Compared to Visa/MasterCard - SFWAMXED03549359; American Express Card Acceptance History at Safeway - SFWAMXED03549360) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3095 | E-mail from D. Stokely to R. Edwards re: AMERICAN EXPRESS HISTORY AT SAFEWAY (attaching: Amex Transactions by Fuel Grade - SFWAMXED03549358; Amex Rates Compared to Visa/MasterCard - SFWAMXED03549359; American Express Card Acceptance History at Safeway - SFWAMXED03549360) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3153 | Letter Amendment for Safeway Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3891 | E-mail from D. Stokely to B. Fox, M. Plaisance re: American Express - 2008 renewal.doc | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX3940 | Letter from D. Stokely to N. Polk re: lower discount rate for Safeway | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX4102 | E-mail from D. Stokely to M. Souza re: Amex contract renewal.xls | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX5211 | Email from B. Fox to R. Edwards re: rebate terms of Amex Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX5239 | E-mail from B. Fox to R. Edwards re: credit/debit information for Townhall | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX5260 | E-mail from D. Stokely to B. Fox re: Payment costs 2010.xls | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX5841 | E-mail from M. Souza to D. Roberts re: MPN - Letter of intent (attaching: Merchant Purchasing Network Letter of Intent) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX7083 | American Express Proposal for Card Acceptance to Safeway | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX7086 | Draft Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | DX7087 | Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Safeway | PX0184 | Agreement for American Express Card Acceptance/Supermarket between Safeway Inc. and American Express | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1338 | Agreement for American Express Card Acceptance between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1339 | Supplemental Agreement Between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1940 | Agreement for American Express Card Acceptance between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1941 | Agreement for American Express Card Acceptance between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1942 | Agreement for American Express Card Acceptance between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1943 | Supplemental Agreement Between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Safeway | PX1944 | Supplemental Agreement Between American Express and Safeway Inc. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Sears | DX0304 | Merchant Services Agreement between Novus Services, Inc., and Sears | Redact | | AGREEMENTS: confidential fees or incentives negotiated between Sears and payment card network suppliers. | No Objection | |
| Sears | DX7082 | Tender Type Report requested by D. Bouchard | Redact | | TRANSACTIONAL RETAIL DATA: summarizes sales transactions for 2011-2012 including the pricing, volume, average ticket size, and revenues for each payment method used by Sears' customers. | No Objection | |
| Sears | PX0352 | Agreement for American Express Card Acceptance between American Express and Sears, Roebuck and Co., | Redact | | AGREEMENTS: confidential fees or incentives negotiated between Sears and payment card network suppliers. | No objection except with respect to any anti-steering provisions. | |
| Sears | PX0354 | Amendment to Agreement for American Express Card Acceptance between American Express and Sears Holding Management as an agent for Sears, Roebuck and Co. | Redact | | AGREEMENTS: confidential fees or incentives negotiated between Sears and payment card network suppliers. | No objection except with respect to any anti-steering provisions. | |
| Sears | PX1916 | Agreement for American Express® Card Acceptance between American Express Travel Related Services Company, Inc. and Sears Holdings Management Corporation | Redact | | AGREEMENTS: confidential fees or incentives negotiated between Sears and payment card network suppliers. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | DX4710 | Southwest Airlines-Airline Card Service Agreement | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | DX5701 | Southwest Airlines-Letter re: Merger with AirTran Airways | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | DX5702 | Southwest Airlines-Letter Flexible Cooperative Marketing Program Selection for Program Year Commencing January 1, 2011 | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX0332; DX4707 | Letter from P. Sousa to L. Koontz re: CAA between American Express and Southwest Airlines (Attaching Cooperative marketing Program Addendum) | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX0803 | Email from William A Gedarovich to Peggy Sousa re. Fw: Southwest Share Support | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX0809 | Email from Peggy Sousa to Shane P Berry re. FYI Ltr to Southwest intended to escalate nego on rate increase | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1223 | Email from William Gedarovich to Chris Priebe forwarding re. Southwest CSA Meeting attaching Airline Card Service Agreement between Southwest and American Express | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1224 | Email from William Gedarovich to Karen Levitt et.al forwarding re. Amex attaching Airline Card Service Agreement between Southwest and American Express | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS  & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1348 | Southwest excel spreadsheet titled "Southwest Airlines Co.: Forms of Payments accepted by Southwest Airlines as of 10/31/2012" | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1617; DX4706 | Letter from P. Sousa to L. Koontz re: One time payment from American Express to Southwest Airlines | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1618 | Airline Cooperative Marketing Program Addendum between American Express and Southwest Airlines Co. | File Entire Document Under Seal | | Southwest requests "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:<br><br>(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.<br>(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS<br>(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.<br>(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.<br>(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Southwest | PX1619 | Airline Card Service Agreement between American Express and Southwest Airlines Co. | File Entire Document Under Seal | | Southwest requests for "in-camera" treatment for competitively sensitive documents that would disclose pricing, profits, margins, revenues, sales & strategies. Southwest also requests that its internal analysis and communications related to its ongoing negotiations with Amex be sealed. Southwest identifies the following categories as competitively sensitive documents:(1) RATES & TERMS OF THE AGREEMENTS CURRENTLY IN PLACE WITH ANY PAYMENT SERVICE PROVIDER: this includes Amex, Visa, Master Card, Discover and PayPal.(2) COMMUNICATIONS CONCERNING CURRENT OR FUTURE RATES, TERMS, & NEGOTIATIONS OF CURRENT OR FUTURE CONTRACTS(3) ALL INTERNAL COMMUNICATIONS & ANALYSIS REGARDING CURRENT CONTRACTS: this includes negotiating strategy, rates, pricing, margins, costs, customers, markets, market share, and competition.(4) SOUTHWEST CO-BRANDED CREDIT CARDS ISSUED BY CHASE BANK: any information concerning pricing, costs, margins, terms, customers, markets, market share, strategy, and competition.(5) SOUTHWEST PARTICIPATION IN THE AMEX MEMBERSHIP REWARDS PROGRAM: Any internal communications and analysis or communications with Amex involving this program. | No objection except with respect to any anti-steering provisions. | |
| Sprint | DX0348 | Sprint Pcs-Telecommunications Card Acceptance Agreement | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | DX0410 | Sprint Pcs-Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | DX1398 | Sprint Pcs-ABP Participation Terms and Conditions | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No Objection | |
| Sprint | DX2191 | Sprint Pcs-American Express Participation Agreement | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No Objection | |
| Sprint | DX2369 | Sprint Pcs-Marketing Program Agreement | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Sprint | DX5301 | Sprint Pcs-Letter re: Acquisition of Virgin Mobile USA, Inc. and Amendment to Sprint/United Management Company Agreement for American Express Card Acceptance | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | DX5815 | Sprint Pcs-Amendment No. 1 to Marketing Program Agreement | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No Objection | |
| Sprint | DX7094 | Presentation: "Sprint Payment Data, Postpaid Wireless (Jan 2009-Sept 2012)" Sprint and Affiliates - Various agreements and amendments | File Entire Document Under Seal | | INTERNAL PRESENTATION: reflecting financial information from 2009-2011 | No Objection | |
| Sprint | PX0612; DX1290 | Sprint Pcs-Agreement for American Express Card Acceptance Telecommunications | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | PX1177 | Email from Chatchada Chiamprasert to Vincent Campana et.al. forwarding re. AT&T American Express Card Acceptance Agreement-New Draft Attached attaching Agreement for American Express Card Acceptance between Sprint and American Express | File Entire Document Under Seal | | EMAIL WITH ATTACHED AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | PX1178 | Email from Chatchada Chiamprasert to Vincent Campana et.al. forwarding re. Sprint/Amex-CAA draft attaching Agreement for American Express Card Acceptance between Sprint and American Express | File Entire Document Under Seal | | EMAIL WITH ATTACHED AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | PX1343/DX6013 | Presentation titled "Sprint Payment Data: Postpaid Wireless-Jan 2009-Sept 2012" | File Entire Document Under Seal | | INTERNAL PRESENTATION: listing the number of transactions by payment method from 2009 to 2012, the average transaction amount by payment method, the payment form broken out by class of service (monthly recurring charge and equipment) and cost of acceptance of payment forms. | No Objection | |
| Sprint | PX1344 | Merchant Incentive Agreement between MasterCard and Sprint/United Management Company | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | PX1345 | First Amendment to Merchant Incentive Agreement between MasterCard and Sprint/United Management Company | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No objection except with respect to any anti-steering provisions. | |
| Sprint | PX1346 | Visa U.S.A. Inc. Visa Promotional Agreement between Visa U.S.A. Inc. and Sprint/United Management | File Entire Document Under Seal | | AGREEMENT: private contracts between Sprint and other parties contain confidential negotiated terms regarding credit card services, pricing and incentives. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Sprint | PX1918 | American Express PowerPoint presentation titled "Sprint Nextel: Business Review and Partnership Discussion" | File Entire Document Under Seal | | INTERNAL PRESENTATION: regarding a business review and discussion of Amex's partnership with Sprint | No Objection | |
| Sprint | PX1946 | Sprint excel spreadsheet titled "1/1/2009 to current" | File Entire Document Under Seal | | INTERNAL SPREADSHEET: An excel spreadsheet with raw data of payment methods, average transaction amount per pay period, cost of acceptance of payment forms that was subsequently incorporated in the Sprint Payment Data presentation. | No Objection | |
| Starwood | DX3025 | Starwood (Global)-Addendum | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX3027 | Starwood Preferred Guest Card Co-Branded Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | DX4208 | E-mail from M. Vondrasek to P. Codispoti re: High level speaking points for Frits/Ken meeting | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX4424 | Credit Card Acceptance between American Express and Peferred Guest, a wholly owned sunsidiary of Starwood Hotels & Resorts Worldwide | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | DX4643; PX0323 | Amendment to Starwood Preferred Guest Card Co-Branded Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | DX4718 | Starwood (Global)-Marketing Agreement | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.<br><br>Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX4719 | Starwood (Global)-Amendment | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.<br><br>Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX5289 | Starwood (Global)-Second Amendment to Startwoode Preferred Guest Card Co-Branded Program Agreement | File Entire Document Under Seal | Y. Co-Brand Agreement | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | DX5448; PX0098 | E-mail from L. Donahue to E. Georgs, subject: Amex Merchant Services, attachments: Starwood=Amex Card Service Agreement - DRAFT 12-7-10.DOC; DVComparison_Starwood 2011 CSA Draft 10-19-10-Starwood-Amex Card Service Agreement - DRAFT 12-7-10.doc | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and  SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | DX5469 | E-mail from M. Vondrasek to P. Codispoti re: Recap of Yesterday's Partnership Conversation | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and  SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX5490 | Meetings and Events Addendum to Card Services Agreement, dated January 1, 2011 | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and  SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | DX5491; PX0099 | Lodging Worldwide Card Service Agreement between American Express and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | DX5499 | Starwood (Global)-Letter re: American Express Travel Related Services Company Inc. - Starwood Hotels and Resorts Worldwide Card Service Agreement dated January 1, 2011 | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | DX5500 | Starwood (Global)-Letter re: American Express Travel Related Services Company Inc., - Lodging Worldwide Card Service Agreement with Starwood Hotels and Resorts Worldwide Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | DX5606 | Supplement to American Express Card Service Agreement Flexible Cooperative Marketing Program between American Express Travel Related Services Company, Inc. and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX5607 | Letter from Amex to C. Shobe (Starwood) re: Payment Agreement | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No Objection | |
| Starwood | DX5925 | E-mail from R. Hanes to D. Flueck re: Starwood (attaching: Starwood 2011 Card Service Agreement - AMEXNDR17602576; redlined 2011 CSA draft - AMEXNDR17602679; Flexible Cooperating Marketing Program Supplement - AMEXNDR17602806; redlined 2011 Flexible Marketing Supplement draft - AMEXNDR17602817) | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | PX0188; DX3345 | Lodging Worldwide Card Service Agreement by and between American Express Travel Related Services Company, Inc. and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | PX0324; DX3551 | Agreement for American Express Card Acceptance between American Express and Starwood Hotels & Resorts | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements. Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | PX1129 | Email from Karen Levitt to David Flueck et.al. re. Starwood-revised draft attaching Lodging Worldwide Card Service Agreement between Starwood and Amex | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Starwood | PX1832 | Draft Lodging Worldwide Card Service Agreement between American Express Travel Related Services Company, Inc., American Express Payment Services Limited, and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.  Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | PX1833 | Draft Lodging Worldwide Card Service Agreement between American Express Travel Related Services Company, Inc., American Express Payment Services Limited, and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements. (2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.  Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| Starwood | PX2321 | Draft Lodging Worldwide Card Service Agreement between American Express Travel Related Services Company, Inc., American Express Payment Services Limited, and Starwood Hotels & Resorts Worldwide, Inc. | File Entire Document Under Seal | | (1) STARWOOD PREFERRED GUEST (SPG) CO-BRAND AGREEMENTS: Redact confidential information contained in the Starwood Preferred Guest Co-Branded Program Agreement and SPG-related agreements.(2) LODGING WORLDWIDE CARD SERVICES AGREEMENT: Redact confidential information contained in the Lodging Worldwide Card Services Agreement and related marketing and other agreements.Confidential information includes pricing of Starpoints, pricing information about the CAA, marketing plans, strategies & expenditures. | No objection except with respect to any anti-steering provisions. | |
| SuperValu | DX0759 | SuperValu Amendment to Agreement for American Express Card Acceptance | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT | No objection except with respect to any anti-steering provisions. | |
| SuperValu | DX0860 | E-mail from J. Snyder to J. Eversman (copying S. Koudsi et al.) re: New AMEX Merchants | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| SuperValu | DX1611 | E-mail from J. Snyder to C. Wynters (copying S. Koudsi) re: Roche Bros. EFT Fees | Redact | | CONFIDENTIAL BUSINESS STRATEGY | No Objection | |
| SuperValu | DX3105 | E-mail from J. Snyder to H. Hooley re: meeting request from American Express | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT | No Objection | |
| SuperValu | DX3547 | E-mail from J. Snyder to M. Jackson, re: American Express Proposal | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT | No Objection | |
| SuperValu | DX3660 | PayPak24 Electronic Payments Program: Region Update August 17, 2007 | Redact | | CONFIDENTIAL BUSINESS PRACTICE | No Objection | |
| SuperValu | DX3802 | E-mail from J. Snyder to M. Jackson, et al., re: American Express proposals | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| SuperValu | DX3873 | Supervalu "Electronic Payments Trends/Activity/Coasts Jerry's Enterprises/Diamond Lake" presentaion | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| SuperValu | DX4442 | E-mail from J. Snyder to M. Jackson, J. Malik, re: American Express Meeting at 330 today | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| SuperValu | DX5145 | E-mail form J. Snyder to L. Garmer, re: minimum purchase on debit | Redact | | CONFIDENTIAL COST INFORMATION | No Objection | |
| SuperValu | DX5186 | E-mail from J. Snyder to J. Snyder re: Respond: Make A Difference | Redact | | CONFIDENTIAL SALES AND COST INFORMATION/CONFIDENTIAL BUSINESS STRATEGY | No Objection | |
| SuperValu | DX5368 | E-mail from B. Whiting to S. Koudsi (copying J. Snyder) re: Sales by Tender Reports (attaching: charts - SVL_AMEX_0568507, SVL_AMEX_0568508) | Redact | | CONFIDENTIAL SALES INFORMATION | No Objection | |
| SuperValu | DX5586 | E-mail from S. Koudsi to W. Hunter re: question on plastic | Redact | | MATERIAL FINANCIAL TERMS OF THE CARD ACCEPTANCE AGREEMENT/CONFIDENTIAL BUSINESS ANALYSIS | No Objection | |
| Thomas Keller Restaurant Group | PX2446 | "Thomas Keller Restaurant Group document re POS Sales Resport | File Entire Document Under Seal | | NON PUBLIC FINANCIAL DATA | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| United | DX3856 | PayPal Payment Processing Agreement | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | DX4878 | Merchant Agreement General Terms between United Airlines, Inc., PayPal, Inc., and Bill Me Late, Inc. | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | DX5197 | United Mileage Plus Durbin Amendment Powerpoint | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | DX6109 | Amendment to Airline Card Service Agreement | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| United | DX7514 | Declaration of Amos Khim in Support of United's Motion for a Protective Order | File Entire Document Under Seal | | DECLARATION IN SUPPORT OF MOTION TO FILE TRIAL EXHIBITS UNDER SEAL | No Objection | |
| United | PX0066 | Email from Mark Bergsrud to Peggy Sousa et al. re. Card Service Agreement attaching Letter from Mark Bergsrud to Peggy Sousa | Redact | | The United documents contain three kinds of trade secrets:(1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION.(2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS(3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |
| United | PX0270 | Airline Card Service Agreement between American Express and United Air Lines, Inc. | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |
| United | PX0500 | Email from Robert Mcdowell to Peggy Sousa et al. re. Credit Card Contract attaching Airline Card Service Agreement between American Express and United Air Lines, Inc. | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| United | PX0507 | Email from Shane P Berry to Peggy Sousa forwarding Status and a couple of issues | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | PX0509 | Email from Peggy Sousa to Shane P Berry forwarding CO/AMEX Merchant Services --letter to Mark Bergsrud, SVP | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | PX0799 | Email from Peggy Sousa to Shane P Berry re. Fw: Card Service Agreement--Continental's reply to Amex rate increase attaching Letter from Mark Bergsrud to Peggy Sousa | Redact | | The United documents contain three kinds of trade secrets:(1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION.(2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS(3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |
| United | PX0811 | Email from Shane P Berry to Jeff Foland et al. re. Preferencing Language attaching American Express document re "United - Honoring Language (Amex 2-24)" | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| United | PX0973 | Email from Jack J Funda to Elizabeth Langwith et. al. forwarding "Fw: Card Service Agreement--Continental's reply to Amex rate increase" attaching Letter from Mark Bergsrud to Peggy with no subject | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |
| United | PX1033 | Email from Ed Gilligan to Kenneth Chenault forwarding "MR" | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | PX1190 | Email from Steve McCurdy to Jack Funda re. Re: Fw: united Proposal | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | PX1227 | Email from Doug Kelly to Karen Levitt re. Re: Continental/Amex attaching Airline Card Service Agreement | Redact | | The United documents contain three kinds of trade secrets:(1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION.(2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS(3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No objection except with respect to any anti-steering provisions. | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| United | PX1354 | United excel spreadsheet titled "Accepted Forms of Payment" | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| United | PX1957 | Visa document re "Visa International Operating Regulations" | Redact | | The United documents contain three kinds of trade secrets: (1) DETAILED AGREEMENTS REFLECTING FEE ARRANGEMENTS AND OTHER HIGHLY CONFIDENTIAL INFORMATION. (2) NEGOTIATIONS & PROPOSALS WITH BUSINESS PARTNERS (3) DETAILED SUMMARIES OF THE REVENUE GENERATED FOR UNITED BY ITS RELATIONSHIPS WITH CREDIT CARD COMPANIES | No Objection | |
| USAA | PX0599 | Compilation of American Express Documents re "Bank of America "USAA Savings Bank" and "USAA Federal Savings Bank" | File Entire Document Under Seal | Y. GNS Agreement | EXTENSIVELY NEGOTIATED FINANCIAL, COMMERCIAL & LEGAL TERMS: USAA respectfully requests that the Court protect and maintain the confidentiality of the entirety of PX0599. To the extent the Court does not maintain confidentiality of the PX0599 in its entirety, redact those portions directly relevant to the issues presented for adjudication particularly issues relevant to financially, commercially or legally sensitive terms. | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Vantiv | DX6178 | Spreadsheet Showing Amex Monthly Fees | File Entire Document Under Seal | | ELECTRONIC PAYMENT SERVICE FEES/INVOICES: Vantiv provides electronic payment processing services to merchants that enable merchants to accept payment from their customers. The payment processing industry is highly competitive. The service fees Vantiv charges to its merchants constitutes highly sensitive and confidential business information.  Vantiv agreed to produce electronic billing fee data from October 2011 to September 2012 for 200 Vantiv customers as well as the July 2012 invoice Vantiv submitted to these same 200 customers. Vantiv also agreed to produce an additional three months of invoices (October 2011, January 2012, and April 2012) for 102 merchants. Vantiv requests that the Court seal all evidence at trial related to the data Vantiv produced. | No Objection | |
| Vantiv | DX6203 | Vantiv merchant invoices and billing data | Redact | | ELECTRONIC PAYMENT SERVICE FEES/INVOICES: Vantiv provides electronic payment processing services to merchants that enable merchants to accept payment from their customers. The payment processing industry is highly competitive. The service fees Vantiv charges to its merchants constitutes highly sensitive and confidential business information.  Vantiv agreed to produce electronic billing fee data from October 2011 to September 2012 for 200 Vantiv customers as well as the July 2012 invoice Vantiv submitted to these same 200 customers. Vantiv also agreed to produce an additional three months of invoices (October 2011, January 2012, and April 2012) for 102 merchants. Vantiv requests that the Court seal all evidence at trial related to the data Vantiv produced. | No objection | |
| Visa | DX1918 | Visa Presentation: Consumer Credit Product Strategy | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX1930 | Visa, "Visa USA Inc., Board of Directors Meeting" | Redact | | VISA BOARD MATERIALS | No Objection | |
| Visa | DX2634 | E-mail from P. Gallo to B. McElhinney re: [Redacted Merchant Name] Proposal (attaching spreadsheet: Summary of [Redacted Merchant Name]) | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX2822 | Visa, "Amex Merchant Value Proposition Briefing to JPMC" Presentation | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Visa | DX3230 | Elizabeth Buse, Board of Directors Meeting, Dallas TX | Redact | | REVENUE PROJECTIONS AND CONFIDENTIAL OTHER FINANCIAL INFORMATION | No Objection | |
| Visa | DX3498 | E-mail from S. Woods to D. Hambry, et al., re: FW: Visa Update 3/13/07 | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX3556 | Visa, "Visa Infinite" | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX3641 | E-mail from D. Hambry to B. Butler, J. Eitler, and P. Gallo, re: [Redacted Merchant Name] Sets Wake-Up Call for Breakfast Rush | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX3770 | Priority Market Overview: US Initiative Detail Document | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX3884 | Draft Visa Deck, "Annual Competitor Review: American Express", Corporate Strategy/ Competitor Intelligence | Redact | | REVENUE PROJECTIONS AND CONFIDENTIAL OTHER FINANCIAL INFORMATION | No Objection | |
| Visa | DX3905 | E-mail from M. Beidler to H. Morris copying others, re: [Redacted Merchant Name] Co-brand Incentive Presentation - Approval Requested | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | Document Filed Under Seal In Entirety Per Court Order | |
| Visa | DX4107 | Visa Presentation, "[Redacted Merchant Name] and [Redacted Merchant Name]: Business Case -- Incremental Volume Analysis" | File Entire Document Under Seal | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4221 | Visa Cross Product Management Weekly Update | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4438 | Visa Presentation, "Distinctly Yours: The [Redacted Merchant Name]" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4495 | E-mail from Billy Knupp to Robin Binkley and Tolan Steele | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4583 | VISA Deck: "US SPend Share Patters - Top Merchants, Q2 FY2009 & Historical" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Visa | DX4681 | Visa Presentation, "[Redacted Merchant Name] Visa: The Power of Partnership - Visa Inc. Proposal" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4682 | Visa, "[Redacted Merchant Name] Briefing Document" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX4690 | E-mail from Rahul Khosla to David Lee, "re: Brief summary talking points to the Amex companion card" deck | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX4729 | Visa, "Amex Companion Cards: Australia," presentation | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX4893 | Visa Presentation, "[Redacted Merchant Name] and Visa - The Perfect Pairing" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX5052 | E-mail from E. Hurvitz to B. McElhinney, D. Hambry, and others, re: [Redacted Bank Name] meeting on acceptance | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5074 | E-mail from Sumesh Kaza to Peter Zuercher | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX5111 | Visa, "Global Cross Border Strategy," presentation | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5123 | Visa Presentation, "[Redacted Merchant Name] and [Redacted Bank Name] Cobrand Global CIRC" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | Document Filed Under Seal In Entirety Per Court Order | |
| Visa | DX5251 | Visa, "[Redacted Bank Name] Strategy Development Working Session: Discussion Materials" deck | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5296 | Visa Presentation, "A Perfect Partnership: Serving the World's Affluent - [Redacted Bank Name] / Visa" | Redact | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX5378 | Visa Presentation "Australia Strategy Kick-off Acceptance: Key Merchant Management model" deck | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5436 | Visa Inc. Operating Committee Report: America's Monthly Report December 2010 | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Visa | DX5548 | Visa, "Australia Counter AMEX strategy update" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5556 | Power Point Presentation by Visa "USA Financials Review" | File Entire Document Under Seal | | REVENUE PROJECTIONS AND CONFIDENTIAL OTHER FINANCIAL INFORMATION | No Objection | |
| Visa | DX5562 | Visa, "Australia Counter AMEX strategy" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5576 | Visa Inc. Operating Committee Report: America's Monthly Report January 2011 | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5687 | Visa Presentation, "Draft Durbin Business Strategy and Execution Plan, Board of Directors" | File Entire Document Under Seal | | VISA BOARD MATERIALS | No Objection | |
| Visa | DX5878 | Visa Presentation "[Redacted Bank Name] Early Renewal" | File Entire Document Under Seal | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX5935 | Power Point Presentation by Visa: "Priority Country Landscapes FY 2011 Revenues; BY 2011 Business Performance" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5982 | E-mail from P. Zuercher to S. Govil re: FW Limited Acceptance (attaching Limited Accceptance_Log v Actuals document) | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX5984 | Power Point Presentation by Visa-North America-- Quarterly Account Reviews FY 2012 Q1 Day #1 Functional Group Reviews | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX6014 | Visa Inc. Board of Directors Monthly Report January 2012 | File Entire Document Under Seal | | VISA BOARD MATERIALS | No Objection | |
| Visa | DX6044 | Visa Presentation, "[Redacted Bank Name] Update" | File Entire Document Under Seal | | CARD ISSUANCE & MERCHANT ACCEPTANCE, PROMOTIONAL & CO-BRAND AGREEMENT - RELATED MATERIALS. | No Objection | |
| Visa | DX6052 | Visa Inc Board of Directors, "Visa Economic Restructuring" | File Entire Document Under Seal | | VISA BOARD MATERIALS | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Visa | DX6110 | Visa Inc. U.S. Economic Restructuring: Proposed FANF Rate Tables & Variable Fee Reductions | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX7118 | Database document | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX7120 | "Visa BIN data," spreadsheet | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX7124 | Top 100 Retailers - Acceptance Grid | Redact | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | DX7125 | Excel Spreadsheet "Visa Interchange Analysis" Issuing Region Processing Summary- QQ2 2008 | File Entire Document Under Seal | | METHODOLOGY AND PROCESSES FOR ESTABLISHING DEFAULT INTERCHANGE FEES | No Objection | |
| Visa | DX7423 | Visa U.S.A. Inc. document re. "Visa U.S.A. Inc. Meeting of the Board of Directors" | Redact | | VISA BOARD MATERIALS; METHODOLOGY AND PROCESSES FOR ESTABLISHING DEFAULT INTERCHANGE FEES | No Objection | |
| Visa | PX0132 | Visa U.S.A. Inc. document re. "Visa U.S.A. Inc. Meeting of the Board of Directors" | Redact | | METHODOLOGY AND PROCESSES FOR ESTABLISHING DEFAULT INTERCHANGE FEES | No Objection | |
| Visa | PX1358 | Visa U.S.A. Inc. document re "Visa Inc. Board of Directors Monthly Report" | File Entire Document Under Seal | | VISA BOARD MATERIALS | No Objection | |
| Visa | PX1361 | Visa PowerPoint presentation titled "Quarterly Performance Review: Annual Operating Plan: FY2012: Canada" | File Entire Document Under Seal | | REVENUE PROJECTIONS AND CONFIDENTIAL OTHER FINANCIAL INFORMATION | No Objection | |
| Visa | PX1364 | Visa PowerPoint presentation titled "Australia Strategy Kick-off Acceptance: Key Merchant Management model" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Visa | PX1957 | Visa document re "Visa International Operating Regulations" | File Entire Document Under Seal | | STRATEGIC PLANS AND INFORMATION | No Objection | |
| Walgreens | DX2124 | Letter from S. DeVries to M. Gleeson re: American Express Proposal (attaching American Express' final proposal) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2143 | American Express Termination Update for Operations Presidents (Prepared by S. DeVries) | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2205 | American Express and Walgreens Partnership Meeting Presentation | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Walgreens | DX2206 | Spreadsheet "American Express Proposal 12/3/2004" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2207 | E-mail from R. Hans to B. Rudolphsen and J. Gleeson re: American Express Proposal: Analysis | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2208 | Spreadsheet "American Express Proposal 12/3/2004" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2210 | Spreadsheet, "American Express Proposal 12/3/2004" reflecting terms of Walgreens Amex Card Acceptance Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2213 | Letter from W. Glenn to J. Rein re: Final American Express Proposal | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2240 | Walgreen Company-Amendment | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2258 | Card Acceptance Agreement between American Express and Walgreens--Amendment | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2310 | Letter from W. Glenn to J. Rein re: Negotiations between American Express and Walgreens | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2314 | Letter from W. Glenn to J. Rein re: Summary of new Agreement between Amex and Walgreens | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2451 | Card Acceptance Agreement Amendment between American Express and Walgreens | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2452 | Amendment to CAA between Walgreens and Amex | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX2578 | E-mail from S. DeVries to M. Hannigan re: Plan 2006 | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX5337 | Walgreens Cost of Payments - Retail Stores Reports for every month between 9/2010 - 6/2012. This exhibit is made up of 22 separate documents with the following Beg Bates': WLGAMX00533727, WLGAMX00533737, WLGAMX00533746, WLGAMX00533755, WLGAMX00533765, WLGAMX00533773, WLGAMX00533783, WLGAMX00533792, WLGAMX00533793, WLGAMX00533794, WLGAMX00533804, WLGAMX00533813, WLGAMX00533838, WLGAMX00533848, WLGAMX00533862, WLGAMX00533877, WLGAMX00533891, WLGAMX00533906, WLGAMX00533924, WLGAMX00533946, WLGAMX00533961, WLGAMX00533977 | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | DX7127 | Walgreen Co. - Amendment to American Express Card Service Agreement | Redact | | Reflects financial terms of current agreement | No Objection | |

| Third Party | Document (DX/PX) | Document Description | Treatment Requested | Document Filed Under Seal In Entirety Per Court Order? (If "Y" indicate if GNS Agreement or Co-Brand Agreement or Detailed non-public financial information) | Type of Confidential Information | Plaintiff and Defendant Position | Court Ruling |
|---|---|---|---|---|---|---|---|
| Walgreens | PX1369 | Amendment between American Express and Walgreen Co. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1371 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1373 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1377 | Walgreens document re "American Express Termination" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1378 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1378 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1379 | Letter from Susan DeVries to Mr. Gleason attaching American Express PowerPoint presentation titled "American Express Adds Value to Walgreens" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1382 | Walgreens PowerPoint presentation titled "American Express and Walgreens Partnership Marketing" | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1383 | Amendment between American Express and Walgreen Co. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1961 | Amendment between American Express and Walgreen Co. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1962 | Amendment between American Express and Walgreen Co. | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1964 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1965 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1968 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1969 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| Walgreens | PX1972 | Letter from William H Glenn to Jeffrey Rein | Redact | | Reflects financial terms of current agreement | No Objection | |
| WFCB | PX0599 | Compilation of American Express Documents re "Bank of America "USAA Savings Bank" and "USAA Federal Savings Bank" | File Entire Document Under Seal | Y. GNS Agreement | AGREEMENT: all financially, commercially and legally sensitive terms. If this exhibit is not withheld in its entirety, then redactions should be limited to only those portions that are directly relevant to the issues presented for trial and that the Court maintain the confidentiality of the remainder of the Exhibit including financial, commercial, and legally sensitive terms. | No Objection | |